## J. & I. Kuhn v. Bone.

1. DISMISSING ACTION. The plaintiffs in an action in a justice's court may dismiss the same without the consent of the plaintiff, at any time before a set-off is claimed by the filing of a written answer, or by an oral answer entered on the justice's docket.

2. JUSTICE'S DOCKET. Conversations between the parties, or their attorneys, in regard to the action pending, should not be entered by the justice in his docket.

*Appeal from Boone District Court.*

WEDNESDAY, APRIL 18.

THIS is a writ of error to a justice of the peace. The facts, as they appear from the justice's return, are as follows:

Plaintiffs brought suit on a note; the notice was returnable July 23d, 1859, at one o'clock P. M. At 11 o'clock of said day, the agent of plaintiffs and the attorney of defendant, were in the justice's office. Defendant's attorney prepared an answer in said cause, claiming a set-off, and handed the same to plaintiff's agent. Plaintiffs then dismissed their suit, paying all costs that had accrued up to that time. The defendant gave plaintiffs verbal notice that he should proceed to trial on his set-off; at the hour of one o'clock the justice proceeded to try said cause on defendant's set-off; had the plaintiffs three times called, and on their failing to appear, rendered judgment for defendant. The judgment was affirmed in the District Court. Plaintiffs appeal.

*Casady, Crocker & Polk* for the appellants, relied upon *Kerr* v. *Stewart,* Morris 433; *Musgrave* v. *Brady et al.,* Ib. 456; *Keller* v. *Killion,* 9 Iowa 329.

*John A. Kasson* for the appellee, cited *Stone* v. *Murphy,* 2 Iowa 35.

BALDWIN, J.—The appellants claim, that the court erred in affirming the judgment of the justice against plaintiffs, because such judgment was rendered upon a set-off claimed by defendant after the principal suit was dismissed. The plaintiffs had a right to dismiss their suit at any time before the hour of trial, without the consent of defendant, unless the latter had claimed a set-off before such dismissal. Code section 1801. Cross demand or set-off must be made, if at all, at the time the answer is put in. Code section 2285. The plaintiffs are advised that such set-off is claimed only by answer of defendant, which must be in writing, and filed by the justice, or if made orally, the substance thereof must be written down by the justice in his docket. The answer of defendants was neither filed, nor was the character of defendant's set-off entered in the justice's docket at the time plaintiffs dismissed their suit. The conversation between plaintiffs' agent and defendant's attorney at a cas-

ual meeting in the justice's office, at an hour when the parties were not required to be there, and the declaration of defendant's attorney as to what he was going to plead or prove, was not a proper matter for the justice to note as part of the record of the cause. It is the putting in of the answer either in writing or orally, that gives to the plaintiffs the knowledge that an offset had been claimed. The intention of the defendant to do so, as declared by his attorney, is not sufficient; it must be filed and the items made a part of the record.

Judgment reversed.