WILLIAM T. CORLETT *et al.* v. THE MUTUAL BENEFIT LIFE INSURANCE COMPANY *et al.*

No. 10963.

PRACTICE, DISTRICT COURT— *Statute of Limitations Defined.* An answer setting up the statute of limitations as a defense to a petition for the foreclosure of a mortgage, followed by a prayer for the cancelation of the mortgage and the quieting of the defendant's title to the mortgaged premises, is not a set-off or counter-claim, and, upon the dismissal of the plaintiff's action, the defendant is not entitled to a trial of the issue presented, under section 394, chapter 95, General Statutes of 1897. (Gen. Stat. 1889, ¶ 4494.)

Error from Cowley district court; J. A. BURNETTE, judge. Opinion filed January 7, 1899. Affirmed.

*Pollock & Lafferty,* and *McDermott & Johnson,* for plaintiffs in error.

*Valentine, Godard & Valentine,* and *J. E. Torrance,* for defendants in error.

The opinion of the court was delivered by

DOSTER, C. J.: This was an action brought by the Mutual Benefit Life Insurance Company against William T. Corlett, J. E. Jarvis and others to foreclose a real-estate mortgage. Jarvis was the owner of the land by conveyance from the mortgagor. He filed an answer averring his ownership and setting up the statute of limitations as a defense to the plaintiff's petition, and praying that, in consideration of the bar of the statute pleaded, the plaintiff's mortgage be canceled and his title quieted as against the plaintiff's assertion of a mortgage lien. Before trial the plaintiff dismissed its action, whereupon Jarvis demanded a trial upon his answer. This the court refused and dismissed the answer. Error is now prosecuted to this court.

The plaintiff in error contends that his answer was a counter-claim, or set-off, and that he was entitled to a trial under the provisions of section 394 of the civil code, chapter 95, General Statutes of 1897, notwithstanding the dismissal of the action by the defendant in error. This contention is unfounded. Counter-claims and set-offs must be causes of action existing in favor of defendants. (Civil Code, §§ 95–98, ch. 95, Gen. Stat. 1897.) The statute of limitations does not constitute a cause of action. It constitutes a defense to a cause of action. (*Bowman et al. v. Cockrill*, 6 Kan. 338.) It is a weapon of resistance, not of attack. A defendant cannot attach to his answer of the statute of limitations a prayer for affirmative relief, and thereby so change the character of his pleading as to call it a cross-petition, or a set-off, or a counter-claim. Under such an answer the defendant's evidence would not go to the proof of a right in himself, but only to the disproof of the plaintiff's claim of right. It would be nowise affirmative of anything, but would be entirely negative in its character. It would not build up anything; on the contrary, it would simply tear down. A counter-claim or set-off is not a negation; it is an affirmation, and the evidence receivable under it must tend to the establishment of the defendant's rights, not the denial of the plaintiff's claims. The orders of the court below were right and its judgment is affirmed.