R. S. THOMPSON v. J. F. GREER.

No. 11,749.   (64 Pac. 48.)

1. PRACTICE, DISTRICT COURT—*Special Appearance.* A defendant who appears specially and moves to dismiss an action against him on jurisdictional grounds does not thereby enter a general appearance in the case.

2. ———— *Estopped from Complaint by Asking Affirmative Relief.* After a motion made by defendant to dismiss an action for jurisdictional reasons had been overruled, he filed an answer and cross-petition praying for an affirmative judgment against the plaintiff. *Held,* that he thereby submitted himself to the jurisdiction of the court for all purposes, and could not thereafter take advantage of error committed by the court in overruling his motion to dismiss.

Error from Butler district court; C. W. SHINN, judge. Opinion filed March 9, 1901. In banc. Affirmed.

*Martin & Roberts,* for plaintiff in error.

*J. T. Lafferty,* for defendant in error.

The opinion of the court was delivered by

SMITH, J. : This was an action brought in the district court of Butler county by J. F. Greer against the plaintiff in error to recover the sum of $1000, more or less, the contract price agreed on between the parties for feeding 200 head of cattle during the winter of 1894 and 1895. At the commencement of the action the plaintiff below caused a writ of attachment to issue, under which the sheriff of Butler county levied on property belonging to the defendant, Thompson. Several summonses were issued, but none of them was served. The defendant filed a motion in the trial court to dismiss the action, as follows :

"Now comes the defendant, R. S. Thompson, for the purpose of this motion only and for no other, and

moves the court to dismiss this action for the reason that the court had no jurisdiction over the person of this defendant, and that this action is improperly ,brought in this county; that the defendant, R. S. Thompson, against whom alone this plaintiff seeks judgment and whose property plaintiff claims to have attached in this suit, is a resident of the county of Reno, state of Kansas, and has been for several years last past; that there has been no service had upon the said defendant in this county, and the court has no jurisdiction over his person or the subject-matter of the action.''

Defendant's counsel appeared for the purposes of the motion only. The journal entry shows the following ruling by the court:

''The court finds that by the filing herein, on the 4th day of March, 1895, of the motion of the said defendant he, the said defendant, R. S. Thompson, thereby duly submitted himself to the jurisdiction of this court and thereby duly entered appearance therein, and that this court thereby acquired jurisdiction of the person of said defendant, R. S. Thompson.''·

We think the court below erred in overruling the motion to dismiss. The application was based solely on jurisdictional grounds, and the appearance of the moving party was special. (*Adolph Cohen v. C. B. Trowbridge*, 6 Kan. 385; *Life Association v. Lemke*, 40 id. 142, 19 Pac. 337.)

After excepting to the action of the court in overruling his motion to dismiss, the defendant Thompson thereafter filed an answer and cross-petition in the cause, wherein he not only denied all liability to the plaintiff under the contract he had made for the keeping of the cattle, but set up a cause of action for damage to the same by reason of the failure of plaintiff Greer to feed and care properly for the animals, and

prayed for an affirmative judgment against the plaintiff below for the sum of $4650.

Counsel for plaintiff in error argue in their brief, and in our opinion their contention is based on sound reason and the weight of authority, that after a special appearance by a defendant for the purpose of objecting to the jurisdiction of the court, and the overruling of such objection, the defendant does not lose the benefit of his attack on the jurisdiction by thereafter answering or pleading to the merits. (*Dickerson v. B. & M. R. Rld. Co.*, 43 Kan. 702, 23 Pac. 936; *St. L. K. & S. W. Rly. Co. v. Morse*, 50 Kan. 99, 31 Pac. 676; *Harkness v. Hyde*, 98 U. S. 476, 25 L. Ed. 237; 2 Elliott, Gen. Prac. § 475.)

The defendant below, however, was not content to place himself in a position of merely resisting a recovery by the plaintiff of the amount for which he sued, but on the other hand sought to establish against the plaintiff below an affirmative judgment amounting to $3650 more than the plaintiff Greer claimed that Thompson owed him for feeding the cattle under the contract. As to this $3650, the defendant below went into the forum where the plaintiff had commenced his action and by filing his cross-petition invoked the action of the court in his own behalf. He was not satisfied with protecting himself with a shield, but attacked his adversary with a sword. His claim for relief placed him in the same position as if he had brought an independent action against Greer for the $3650, making a voluntary choice of the tribunal in which he desired to establish his claim.

The case of *Chandler et al. v. The Citizens' National Bank of Evansville*, 149 Ind. 601, 605, 49 N. E. 579, is much in point. The bank sued Chandler to recover

on certain notes, and to foreclose a lien on bonds pledged as security for their payment. The complaint averred that Giles claimed an interest in the bonds. The latter entered his special appearance and moved to quash the summons, which motion was overruled. He then entered a general appearance and filed an answer. Subsequently he filed a cross-complaint, making the plaintiff and his codefendant, Chandler, parties defendant therein. In this pleading he averred that he was the owner of the bonds, and demanded that the court order them to be surrendered and delivered to him. The trial resulted in a judgment in favor of the bank, and against Chandler, with a decree that the lien be foreclosed and that a portion of the bonds in suit belonged to Giles. In his appeal, Giles presented to the supreme court the question whether the overruling of his motion on special appearance to quash the summons was error. The court said :

"Appellant (Giles), under his cross-complaint, having voluntarily made himself a cross-complainant in the action, and asserted his right to the bonds involved therein, and thereby invoked the court's jurisdiction to award him the relief demanded, must therefore be held to have submitted his person generally in the cause to the jurisdiction of the court, and for this reason cannot, in this appeal, base any available error on the ruling of the trial court in denying the motion to quash the original writ." (See, also, 2 Encyc. Pl. & Pr. 625–627.)

We do not think the court erred in sustaining the objections to the questions propounded by defendant's counsel to the witness Kirby. What the witness told Greer was certainly not competent, and much of the matter sought to be extracted from the witness was not within the issues. The statement by defendant's

counsel that he desired to examine this witness upon other matters on which he had not been interrogated was not specific enough to receive favorable consideration by the court.

The judgment of the court below will be affirmed.

POLLOCK, J., not sitting, having been of counsel.