A. L. BURDITT v. MARTHA BURDITT *et al.*

No. 11,844.  ( 64 Pac. 77.)

1. TITLE AND OWNERSHIP—*Right to Quiet Title Denied.* One in possession of real estate without title thereto cannot maintain an action to quiet title in himself as against the holder of the legal title, under a deed absolute in form, to which deed he is not a party, upon the ground that such deed is in fact a mortgage given to secure a debt due from himself to the holder of the legal title, and that such debt is barred by the statute of limitations.

2. LIMITATION OF ACTION— *Shield for Defense.* The statute of limitations is a shield for defense, not a weapon of attack, and cannot be made the basis of a claim for affirmative relief.

Error from Osage district court; WILLIAM THOMSON, judge.    Opinion filed March 9, 1901.    *In banc.* Reversed.

### STATEMENT.

THIS action was brought to quiet title.    The plaintiffs below were the widow and son, and defendant below a brother, of one A. K. Burditt, deceased.    In 1870 the said A. K. Burditt purchased the improvements upon the property in controversy from the occupant thereof and settled upon the claim with the intent and believing that he had the right to make homestead entry thereof.    From the date of his settlement until 1877, he and his family resided upon the land, the same not being subject to homestead entry but to preemption.    A. K. Burditt, for some reason not shown in the record, being unable or disqualified to make preemption of the land, one John C. Adams took up his residence thereon, and on the 26th of January, 1878, made proof of his right to and did preempt it under the act of 1841.    A. K. Burditt was the principal witness for Adams in making proof to this claim.    By prearrangement, the money used by

Adams in making payment to the government was furnished by the defendant below, A. L. Burditt, who at the time resided and now resides in the state of Massachusetts, and at the time it was contemplated that Adams should secure the payment of the money by mortgage on the land.   This project, however, was abandoned, and, in consideration of the preemption price and an additional sum of fifty dollars, Adams conveyed the land by deed of general warranty, on the same day of his making proof, to defendant A. L. Burditt.

About four months after this conveyance to defendant below, and under written contract with one Preston, defendant caused to be erected upon the premises a dwelling-house at a cost of $435.   A. K. Burditt with his family continually resided upon this land, cultivating it as a farm and using it as a home, until the date of his death, in March, 1895, except a short period prior to his death, when he was in the soldiers' home, at Leavenworth.

This action was commenced on the 20th day of November, 1899.   The petition alleged, among other things, that the money expended by the defendant in making purchase of this property from the government had been repaid, but "if it shall appear that said sum has not been paid to said defendant and that any sum is due him on account of said money, that they here tender and offer to pay the same into court or as the court may direct," and prayed a decree quieting the title in plaintiffs.   The defendant in his answer, among other things, alleged the purchase of the property from John C. Adams and the payment of the sum of $300 therefor; the improvement of the property by the erection of a dwelling-house upon the same, at a cost of $435; the payment of taxes on the property at

37—62 KAN.

different times from 1879 to 1899, aggregating in amount $265.62; and the advancement to his brother of various sums of money, from December, 1881, to November, 1889, aggregating in amount $782.80, no part of which had been repaid; that it was the understanding and agreement between defendant A. L. Burditt and his brother that, upon payment of the amounts of money expended in the purchase, improvement and preservation of the property, and also the amounts advanced to A. K. Burditt, defendant would convey the property in controversy to A. K. Burditt, but not otherwise. The amounts claimed by defendant were set forth in an itemized account, which in the aggregate, including interest at the rate of six per cent. per annum, amounted to $3478.02. To this answer the plaintiff, in reply, pleaded the bar of the statute of limitations. Before trial below, Alice Mabie, formerly Alice Burditt, filed a disclaimer of any interest in the suit, and was dismissed therefrom.

Upon a trial, the district court rendered judgment quieting the title to the property in the remaining plaintiffs below and against defendant. To reverse this judgment this proceeding in error is prosecuted in this court.

*J. H. Stavely*, for plaintiff in error.

*Chas. B. Graves*, and *Joe Rolston*, for defendants in error.

The opinion of the court was delivered by

POLLOCK, J.: The undisputed evidence adduced upon the trial below clearly shows that defendant A. L. Burditt furnished the money with which entry of this property was made by John C. Adams from the government, and in addition thereto paid said Ad-

ams fifty dollars for a conveyance of the property; and, further, that he made the improvements, paid the taxes and furnished the money set forth in his answer to his brother, A. K. Burditt; and that no part of the same has at any time been paid to the defend-ant. It further appears from the evidence that the deed from John C. Adams to defendant A. L. Burditt was intended to be, and between the parties thereto is what it imports, an absolute conveyance; that all these years A. K. Burditt, an old and infirm soldier, and his family, lived upon the property, using the same as a home, cultivating the land, free of charge; that it was understood and agreed between defendant and his less fortunate brother, A. K. Bur-ditt, that at any time the latter would pay the amount of money which defendant had expended in the pur-chase, preservation and improvement of this property and advancements made to him, the defendant would make conveyance to him. Not only do these facts clearly appear from the record, but it further appears that all the parties thereto fully knew and understood the condition of affairs with respect to this property.

What, then, are the rights of the respective parties to this property? The court and counsel for plaintiffs below have proceeded upon the assumption that the deed from John C. Adams to defendant below is, in law, a mortgage held by defendant to secure the re-payment of the money expended in the purchase and improvement of this property; that, because of the facts as alleged, the collection of this debt by defend-ant A. L. Burditt is barred by lapse of time, and the plaintiffs below are entitled to a judgment quieting the title in themselves. To this view of this case we do not yield our assent. It is not warranted by the record, and the position assumed is unsound in law.

The statute of limitations has no place in this case. It is a statute of defense, not a weapon of attack, and cannot be invoked to uphold or maintain a claim for affirmative relief. (*Corlett v. Insurance Co.*, 60 Kan. 134, 55 Pac. 844.)

Again, the title to this property rests in the defendant below. It was placed there by John C. Adams, who had the right to convey, not by A. K. Burditt. Whatever rights A. K. Burditt or his heirs possess in this property arise not from the nature of the deed from John C. Adams to defendant, but from the agreement of defendant to convey to A. K. Burditt upon a performance of the conditions imposed. It is clear that if this deed in fact is, as between defendant and A. K. Burditt or his heirs, a mortgage, it must, by force of necessity, constitute a mortgage as between John C. Adams and defendant, and, being in fact but a mortgage, the legal title to the property rests in Adams, not in defendant below. Hence, its cancelation by payment of the debt would leave the title to the property not in A. K. Burditt or his heirs but in Adams—a proposition controverted positively by both the defendant below and Adams, and a consummation not desired and which would not benefit plaintiffs below. It has been frequently ruled that where the deed is to one party and the defeasance is to a third person, the transaction cannot be a mortgage, and that a deed without a defeasance, either oral or written, cannot be a mortgage. (*Treat v. Strickland*, 23 Me. 234; *Low v. Henry*, 9 Cal. 538; *Lance's Appeal*, 112 Pa. St. 436, 4 Atl. 375; Tiede. Real Prop. § 303.)

The title to the property in controversy being in defendant below and being held by him subject only to the condition that he would convey to his brother, A. K. Burditt, upon payment of the money he had paid

in the purchase, preservation and improvement of the property and the money advanced to his brother, it was not incumbent upon defendant to resort to an action in the courts to protect his interests in the property. The conveyance of the property to him is his protection. Therefore, having no right of action to recover that which he already has, the statute of limitations can have no application in such case. Plaintiffs below, if so advised, can pay the defendant and take from him a conveyance of the property. · If a controvery shall arise as to the amount to be paid, the same can be ascertained by an accounting had and a decree for conveyance upon payment. This view of the case seems more in harmony with equity and justice between the parties than the view taken by the trial court. Indeed, it would seem to be a reproach upon our laws if plaintiffs below, after receiving the timely assistance of the defendant during their many years of adversity, should now be permitted successfully to maintain that their benefactor is entitled to receive back neither the money paid nor the property purchased. Such, in our view, are not the equities of this case.

The judgment of the district court is therefore reversed.