VIRGINIA M. JOHNSON, *as sole Executrix of the Last Will and Testament of John P. Johnson, deceased,* v. ALBERT WYNNE *et al.*

No. 12,523. (67 Pac. 549.)

SYLLABUS BY THE COURT.

1. LIMITATION OF ACTIONS—*Application of Statute—Pleading.* A statute of limitations can be plead only as a defense. It cannot be made the basis of a claim for affirmative relief. (*Corlett v. Insurance Co.,* 60 Kan. 134, 55 Pac. 844; *Burditt v. Burditt,* 62 id. 576, 64 Pac. 77.)

2. PLEADING—*Effect of Demurrer.* Where a demurrer is lodged against an answer because of failure to state facts sufficient to constitute a defense, the demurrer searches the record and should be carried back and sustained as to the petition, in case the allegations of the petition are insufficient to constitute a cause of action or uphold a judgment for the relief sought. (*The State, ex rel., v. Comm'rs of Pawnee Co.,* 12 Kan. 426.)

Error from Rice district court; ANSEL R. CLARK, judge. Opinion filed January 11, 1902. Reversed.

*E. F. Ware, Gleed, Ware & Gleed, D. E. Palmer,* and *J. L. Hunt,* for plaintiff in error.

*Samuel Jones,* and *C. F. Foley,* for defendants in error.

The opinion of the court was delivered by

POLLOCK, J.: This action was brought by defendants in error, Albert Wynne and Nancy A. Wynne, against plaintiff in error, Virginia M. Johnson, the sole surviving executrix of the last will and testament of John P. Johnson, deceased, and the First National Bank of Cadiz, Ohio, to quiet title to a large tract of land in Rice county, as against the lien of a judgment held by the estate of John P. Johnson, deceased, and as against the lien of a judgment held by the bank,

and for a decree canceling said judgments of record and satisfying the same.

The facts necessary to a determination of this controversy are :   On the 19th day of June, 1893, John P. Johnson procured a judgment against Albert Wynne in the district court of Shawnee county in the sum of $1961.46 debt, and $27 costs of action.   By the issuance of successive executions upon this judgment the same was kept in full force and effect.   On the 26th day of March, 1898, an execution thereon was duly caused to be issued, filed and docketed in the office of the clerk of the district court of Rice county.   On June 1, 1898, John P. Johnson died testate.   Plaintiff in error and one Duncan McIntosh were, on the 6th day of June, 1898, duly appointed and qualified as executrix and executor of his last will.   On the 17th day of February, 1900, no motion having been made nor suit brought to make the executrix and executor parties to this judgment, and Duncan McIntosh, executor, having died, leaving plaintiff in error the sole surviving executrix, this action was commenced.   The prayer of the petition is that the title of the real estate described therein be quieted in plaintiffs, as against the apparent lien of said judgments ; that said judgments be canceled, and that the clerk of the court be ordered and directed to release, discharge and satisfy said judgments of record.   To this petition plaintiff in error answered, and also filed her cross-petition alleging the rendition of the judgment, the issuance of the executions thereon during the life of John P. Johnson, the death of John P. Johnson, her appointment and qualification as executrix under the will, and demanding that she be decreed the owner of said judgment by operation of law ; that the judgment be decreed a lien upon the real estate described in the petition of plain-

tiffs, and a sale thereof ordered in satisfaction of such judgment. To this answer plaintiffs below demurred, which demurrer was sustained, and electing to stand upon her answer and cross-petition, judgment was entered in accordance with the prayer of the plaintiffs' petition. The bank made default. This proceeding in error is brought to review the judgment rendered.

It is apparent from the above statement of facts that the proposition sought to be determined in this case arises upon the construction of the statutes in relation to revivor of actions and the making of new parties to judgments after the death of a party to an action or judgment. The real issue sought to be raised and determined by this court is whether the provision found in section 439 of the code (Gen. Stat. 1901, § 4889), relating to the death of a party after judgment, and which reads, ''If either or both parties die after judgment and before satisfaction thereof, their representatives, real or personal, or both, as the case may require, may be made parties to *the same, in the same manner as is prescribed for reviving actions before judgment*,'' includes not only the *form or method* to be pursued in making the representatives parties to the judgment, but also *the time limit of one year*, as provided in section 434 (Gen. Stat. 1901, § 4884) of the code, relating to revivor of actions upon the death of a party where the opposing party does not consent to an order of revivor.

However, as this case must be reversed upon the second assignment of error, we deem it best, in the present condition of the record, notwithstanding recent decisions in cases somewhat akin in principle to the one at bar, to express no opinion upon the proposition stated.

In our view of the case, as presented by the record, plaintiffs below are not entitled to the relief sought. The contention of plaintiffs and the gist of the action made by the petition is, that as the personal representatives of the judgment creditor, John P. Johnson, were not made parties to the judgment within a year from the date of their appointment and qualification, the special statute of limitations, section 434 of the code, providing against the making of an order of revivor upon the death of a party to an action after the lapse of one year, is alike applicable to the making of new parties to a judgment upon the death of a judgment creditor.   And that, as a consequence thereof, the judgment in this case became dead and the personal representative of the deceased is barred the right to enforce the judgment against the real estate in controversy ; and as a necessary conclusion therefrom, that plaintiffs are entitled to a decree canceling the judgment of record.   This does not by any means follow.   For even should it be determined that the construction to be placed upon the statutes in regard to the making of parties to a judgment is as contended for by counsel for plaintiffs below, they would not be entitled to the relief sought in this action.   It has been many times decided by this court that a statute of limitations is a shield for defense, not a weapon of attack, and cannot be made the basis of a claim for affirmative relief.   (*Corlett v. Insurance Co.*, 60 Kan. 134, 55 Pac. 844 ; *Burditt v. Burditt*, 62 id. 576, 64 Pac. 77.)   To paraphrase the language of Mr. Justice Smith in the opinion in *Thompson v. Greer*, 62 Kan. 522, 64 Pac. 48, plaintiffs are not satisfied with protecting themselves with a shield, but attack their adversaries with a sword.

Of necessity, it follows that the petition of plaintiff

was wholly insufficient as a basis upon which to build the claim to affirmative relief demanded in this action, and that in consequence thereof any answer thereto was sufficient, and that the action of the trial court in sustaining the demurrer and in granting the affirmative relief asked must be reversed. It being the established practice in this state, sustainable upon principle as well as authority, that a demurrer lodged against a pleading searches the record, the demurrer in this case should have been carried back to the insufficient petition and sustained thereto. (*The State, ex rel., v. Comm'rs of Pawnee Co.*, 12 Kan. 331; *Stratton v. McCandless*, 27 id. 299.)

Judgment reversed, and cause remanded for further proceedings in accordance with this opinion.

CUNNINGHAM, ELLIS, JJ., concurring.