Gibson v. Johnson.

CHARLES E. GIBSON V. SOLOMON JOHNSON.

No. 14,521.    (84 Pac. 982.)

SYLLABUS BY THE COURT.

TITLE—*Suit to Quiet—Mortgage Barred by Statute of Limitations.* The law does not permit a mortgagor to quiet title against the holder of his mortgage on the naked ground that the right to foreclose the mortgage has become barred by the statute of limitations.

Error from Rawlins district court; ABEL C. T. GEIGER, judge. Opinion filed March 10, 1906. Reversed.

*Chambers & Chambers,* and *G. Webb Bertram,* for plaintiff in error.

*J. P. Noble,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: This proceeding in error arises from a suit to quiet title brought under the provisions of section 594 of the code of civil procedure (Gen. Stat. 1901, § 5081). The answer admitted the allegation of the petition that the defendant claimed an adverse interest in the land, and described such interest as one created by a mortgage given by the plaintiff to secure his unpaid note held by the defendant. Facts alleged in the petition not admitted by the answer were denied, and the prayer was merely that the defendant be allowed to depart from the court without costs being imposed upon him. The reply admitted the execution of the note and mortgage, but asserted that the defendant's right to recover upon them was barred by the statute of limitations. A demurrer to the reply was overruled, and an objection to the introduction of testimony suffered the same fate. Evidence responsive to the plaintiff's pleadings was demurred to without avail. A new trial was refused, and judgment was rendered for the plaintiff quieting his title against the defendant's mortgage, and order-

ing that instrument canceled of record. The legal propriety of these proceedings depends, of course, upon the use made of the statute of limitations.

Had the plaintiff been obliged to state the facts constituting his cause of action, he must have shown that the defendant was claiming an interest in the premises under a mortgage given by the plaintiff, that more than five years had elapsed since a cause of action accrued to the defendant upon such mortgage, and that no suit had been brought to enforce it—the legal conclusion being that, because it was barred by the statute of limitations and no longer could support an action, the plaintiff's otherwise perfect title ought to be quieted against it. Such a petition would be demurrable because the statute of limitations would constitute an indispensable element of the plaintiff's cause of action. The way to the relief demanded could not be opened except through its aggressive instrumentality, and if relief were granted it would be upon the basis of a purely negative plea, permissible only for the purpose of resistance—protection from disturbance—defense. (*Corlett v. Insurance Co.,* 60 Kan. 134, 55 Pac. 844; *Burditt v. Burditt,* 62 Kan. 576, 64 Pac. 77.)

To avoid a direct assertion of the statute of limitations as a part of his cause of action the plaintiff filed a petition of the blind character which the law allows in this class of cases. He was, however, compelled to allege that the defendant claims an interest in the premises adverse to him, and that such interest is junior and inferior to his own rights. Under such a petition the plaintiff is bound to maintain the alleged superiority of his own title by proof, the question in a suit to quiet title being, Who has the paramount right? (*Ordway v. Cowles,* 45 Kan. 447, 25 Pac. 862.) If the proof relied on should consist of facts showing that a mortgage held by the defendant and constituting the basis of his claim is barred by the statute of limitations, relief must be denied the same as if the facts creating the bar had been pleaded in the petition, since

Gibson v. Johnson.

the plaintiff must use it affirmatively and constructively in order to make out his case.

By his answer the defendant did nothing to relieve the plaintiff of his embarrassment.   He merely defined the nature and extent of the claim which the petition charged him with making by supplying a brief description of the instruments relating to it.   He did this without indicating that any cause of action had ever accrued to him upon such instruments, without averring that they created any lien or are still enforceable, without asking for any affirmative relief in his favor upon them, and without praying that the plaintiff should be defeated on account of them.   The answer did nothing more than discover the general character of the defendant's claim, and the plaintiff was still left with the burden upon him of defeating that claim before judgment could go in his favor.   He brought the suit for the purpose of determining (bringing to an end) the defendant's adverse interest.   He was under the necessity of producing facts sufficient to accomplish that purpose.   Those furnished by the reply and by the evidence did nothing more than show that the bar of the statute of limitations might be urged against the defendant if he were the moving party.   He was not the moving party, and the demurrers ought to have been sustained.

Section 25 of the code of civil procedure (Gen. Stat. 1901, § 4453) provides that when a right of action is barred by the provisions of any statute of limitations it shall be unavailable either as a cause of action or ground of defense.   Broadly speaking, a defense may be any kind of opposition to a plaintiff's claim.   In this sense the defendant's special denial constituted his defense.   Within the purview of the statute cited a defense is something which, after the plaintiff's right to recover is admitted or proved, the defendant must affirmatively establish, to prevent judgment going against him.   It should consist of new matter, and ordinarily should appear in the second subdivision of

the answer, according to the form prescribed by section 94 of the code (Gen. Stat. 1901, § 4528). Whenever new facts are brought upon the record and urged affirmatively against the plaintiff, either as a basis of independent relief or to overthrow the plaintiff's case, so that the position of the parties is reversed and the defendant himself becomes the aggressor, the plaintiff can resist the attack by pleading the bar of the statute of limitations.

In *Donald v. Stybr*, 65 Kan. 578, 70 Pac. 650, the defendant claimed that he had a superior lien which he sought to establish, and in any event claimed that the plaintiff held a title subject to a right of redemption which the defendant demanded an opportunity to exercise. A plea of the statute was allowed. In *Hogaboom v. Flower*, 67 Kan. 41, 72 Pac. 547, a defendant mortgagee undertook to foreclose a mortgage against a plaintiff seeking to quiet his title. He thereby exposed his right to the effective opposition of the statute and a judgment of impotency necessarily followed.

But the law does not permit a mortgagor to quiet title against the holder of his mortgage on the naked ground that the right to foreclose the mortgage has become barred by the statute of limitations.

The judgment of the district court is reversed, and the cause remanded.

All the Justices concurring.