CHARLES CAPELL, *Appellee*, v. THOMAS E. DILL *et al.,*. *Appellants.*

No. 16,561.

SYLLABUS BY THE COURT.

1. MORTGAGES—*Purchaser at Void Foreclosure Sale—Subrogation—Mortgagee in Possession.* A grantee in good faith,. holding possession under a sheriff's deed in foreclosure proceedings which did not devest the title of the mortgagor, is properly subrogated to the rights of the mortgagee, and considered as a mortgagee in possession.

2. ——— *Limitation of Actions—Quieting Title—Ejectment.* In. the circumstances stated above the heirs of the mortgagor will not be given a decree quieting their title against the party so held to be a mortgagee in possession, nor will they be awarded the possession until they first satisfy the mortgage debt, although an action thereon would be barred by the statute of limitations.

Appeal from Lane district court; CHARLES E. LOB-. DELL, judge. Opinion filed June 11, 1910. Affirmed.

*J. S. Simmons,* for the appellants.
*Wheeler & Switzer,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: This action is to quiet title, both parties asking for that relief. Charles E. Dill was the patentee of the land. He mortgaged it on August 1, 1887, and died in August, 1889, leaving the mortgage debt unpaid and leaving the defendants, Thomas E. Dill and Nettie A. Horton, his sole heirs at law. On the 2d day of April, 1890, Frank O. Cunningham, assignee of the mortgage, commenced an action of foreclosure, naming Charles E. Dill as a defendant, and service was made by publication, purporting to be against him as if he were living. The petition in the foreclosure suit alleged the assignment of the mortgage to Cunningham, and subsequent conveyances of the land as follow: Charles E. Dill to R. I. Patterson, Patterson to John M. Newhouse, and Newhouse to Jeff D. Trivitt, who assumed the payment of the mortgage. These persons were made parties to the foreclosure suit, and a judgment was rendered against Trivitt for the amount due upon the mortgage, and against his codefendants for foreclosure and sale. The land was sold under that judgment to A. W. Rice, January 6, 1891. A grantee of Rice paid the taxes on the land to and including the taxes of 1905, and then conveyed it to the plaintiff, Charles Capell, who took and still holds actual possession. Before he took possession the land was vacant. There is no record of any conveyance from Charles E. Dill to R. I. Patterson, although alleged in the petition for foreclosure, and the court upon the trial of this action found that such a conveyance had not been made. The defendants have not paid the mortgage debt or any taxes on the land, nor offered to do so.

The court, having found these facts, concluded as a matter of law that the foreclosure proceedings were void as to the defendants, Thomas E. Dill and Nettie A. Horton, for the reason that Charles E. Dill, under whom they hold title by descent, had died before that

suit was brought, and that they still held the title. The court also found that the foreclosure proceedings were conducted in good faith, and held that the plaintiff, Capell, holding under such proceedings, is subrogated to the rights of the owner of the mortgage, and is therefore a mortgagee in possession. The judgment was that the prayer of the plaintiff for a decree quieting his title be refused, that the prayer of the defendants, Dill and Horton, for a decree quieting their title and for possession be likewise refused, and that the costs be divided. The defendants appeal.

The principal contention of the defendants is that the plaintiff is not entitled to the rights of a mortgagee in possession because the mortgage debt was barred by limitation before he took possession. It is clear, however, that it was not barred at the date of the sheriff's deed. The plaintiff took conveyance and possession under the sheriff's grantee upon the supposition that the proceedings had been taken against the proper parties, and that the foreclosure was regular. Being mistaken in this, the court held that he stood in the shoes of the owner of the mortgage in possession. In this situation the fact that the plaintiff could not enforce the mortgage against the defendants does not give them the right to an affirmative judgment quieting their title or for possession. They can not have such relief until they pay the debt, although its payment can not be enforced by action against them. A mortgagor can not quiet his title against the holder of the mortgage on the naked ground that the right of foreclosure is barred by limitation. (*Gibson v. Johnson,* 73 Kan. 261.) Neither can he recover possession in such circumstances. (*Walters v. Chance,* 73 Kan. 680.) In the case last cited it was said:

"Whether the holder of a mortgage who is in possession is entitled to make the defense of a 'mortgagee in possession,' after condition broken, depends upon the equities of each case. . . . If, after condition broken, the premises are unoccupied, the mortgagee

may, if he can do so peaceably, enter into the possession under his mortgage; and he can not be ejected therefrom by the owner until his mortgage lien has. been fully satisfied." (Pages 685, 686.)

The taxes were regularly paid by a grantee of the sheriff under the foreclosure, holding by a sheriff's deed duly recorded—the lands being vacant. The plaintiff then took actual possession and improved the land. In this situation it would be inequitable to compel him to yield possession without payment of the mortgage debt. Seeking equity, the defendants should do equity. The statute of limitations, while a shield for defense, is not a weapon of attack, and can not be made the basis of affirmative relief. (*Burditt v. Burditt,* 62 Kan. 576; *Holden v. Spier,* 65 Kan. 412.)

The defendants successfully defended against the claim of the plaintiff to have his title quieted, but they failed upon their affirmative demand for relief against him, for the very good reason that they could not quiet their title against the unpaid mortgage. There was no error in the judgment denying affirmative relief, and it is affirmed.