EDNA SHEPARD, *Appellee*, V. CHARLES E. GIBSON,
*Appellant*.

No. 17,851.

SYLLABUS BY THE COURT.

QUIETING TITLE — *Mortgage* — *Limitation of Actions—Statutes*.
In the enactment of chapter 232 of the Laws of 1911 the leg-
islature did not intend to take from a mortgagee any existing
rights under the mortgage contract nor to deprive him of a
remedy to enforce such rights, but its purpose was to give the
owner of land on which there is a mortgage that has long been
in default and a cause of action thereon is barred by lapse of
time the right to bring an action and have the present con-
dition or status of the mortgage adjudicated, and the act,
therefore, does not operate to impair the obligation of the
mortgage contract.

Appeal from Greeley district court. Opinion filed
December 7, 1912. Affirmed.

*W. H. Russell*, and *Frank U. Russell*, both of La
Crosse, for the appellant; *Bennett R. Wheeler*, and
*John F. Switzer*, both of Topeka, of counsel.

*W. M. Glenn*, of Tribune, and *Cyrus Monroe*, of To-
peka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In 1890 the owner of a tract of
land in Greeley county mortgaged it to secure the pay-
ment of a note due in 1895. No part of the principal
of this debt or the interest thereon was ever paid and
no steps were taken towards keeping the debt alive or
to enforce its payment, although the mortgagors were
and continued to be residents of the state. The pres-
ent owner, Edna Shepard, is in possession of the land,
and she and her grantors have held possession of it
for the last twenty years. Charles E. Gibson claims
some rights by virtue of the note and mortgage re-

ferred to, although the statute of limitations, it appears, has run against them. For more than ten years before this controversy arose, the bar of the statute had fallen and the remedy of the mortgagee to foreclose the mortgage had been lost. Edna Shepard brought this action, alleging the recited facts, and asking for judgment quieting her title as against any claim of Gibson under the barred mortgage, and enjoining him from setting up any claim or right under it. The case was submitted on a demurrer to the petition and judgment as prayed for was rendered by the court.

The appellee was seeking to avail herself of the provisions of "An act providing for suits to quiet title to real estate in certain cases, and establishing a rule of evidence therein," being chapter 232 of the Laws of 1911. Section 1 of the act reads:

"When any mortgage on real estate has been in default for more than fifteen years, or the lien thereof has ceased to exist, or when action to enforce such mortgage is barred by the statute of limitations, the owner of the land may maintain an action to quiet his title and have the cloud removed."

The contention of appellant is that the act operates to deprive the owner of the mortgage of an existing right which entered into the obligation of the mortgage contract, and is therefore unconstitutional. An act which in effect destroys the legal power to enforce a contract, or deprives a person of any remedy on it, would impair the obligation of the contract and be invalid. It is competent, however, for the legislature to enact a statute shortening the period within which an action for the enforcement of a contract must be brought, if a reasonable time is allowed after the passage of the act in which to bring an action. (*Morton v. Sharkey*, [Dass. ed.] 1 Kan. 535; *Myers v. Wheelock*, 60 Kan. 747, 57 Pac. 956; 25 Cyc. 986; 6 A. & E. Encycl. of L. 951; Cooley's Constitutional

Limitations, p. *366; Buswell, Limitations and Adverse Possession, § 14; Wood on Limitations, § 11.)

In this instance there was no shortening of the period of limitation, as the debt was barred and the mortgage, which was only an incident of the debt, was likewise barred and unenforceable before the statute was enacted. The legal obligation of a contract is the right of either party to have it enforced against the other, and so far as the right to foreclose the mortgage was concerned nothing was taken from the mortgagee. The adequate remedy that was given to him had been lost by his own neglect long before the statute was passed. If any other rights or remedies under the mortgage remained to him, they could not be summarily taken away by legislation. Assuming that there were existing rights in the mortgage, and that the act operated to deprive him of any remedy on these, it would be inoperative. However, it is the view of the court that it was not in the mind of the legislature to extinguish any cause of action existing on the mortgage, nor to deprive a mortgagee of a remedy to enforce an existing right. By the act the legislature intended no more than an adjudication of the status of the mortgage, that is, whether or not it had been barred by the statute of limitations. Many mortgages given upon lands a long time ago stood on the record unsatisfied and uncanceled. Some of them had been paid, but a satisfaction or discharge was not entered on the record; some of them had been abandoned, and although barred and the right of action thereon dead, they stood on the face of the record as subsisting obligations and seriously interfered with the conveyance of the land. When an owner undertook to transfer the land he was put to the trouble and expense of proving to the purchaser that the note was barred and the mortgage nonenforceable. If he brought an action to obtain an adjudication that the

mortgage was barred, he was met with the contention that the statute of limitations does not constitute a cause of action and is only available as a defense. This court has held, in a series of decisions, that under the existing law the statute might be used as a shield of defense, but not as a weapon of attack, and could not be made the basis of affirmative relief. (*Corlett v. Insurance Co.*, 60 Kan. 134, 55 Pac. 844; *Thompson v. Greer*, 62 Kan. 522, 64 Pac. 48; *Burditt v. Burditt*, 62 Kan. 576, 64 Pac. 77; *Johnson v. Wynne*, 64 Kan. 138, 67 Pac. 549; *Gibson v. Johnson*, 73 Kan. 261, 84 Pac. 982; *Updegraff v. Lucas*, 76 Kan. 456, 93 Pac. 630; *Salter v. Corbett*, 80 Kan. 327, 102 Pac. 452; *Capell v. Dill*, 82 Kan. 652, 109 Pac. 286.)

Where the holder of the mortgage undertook to recover the debt or foreclose the mortgage, the landowner could plead the statute of limitations and procure an adjudication that a right of action on the mortgage was dead, and to that extent his title would have been quieted. To avoid the "sword and shield" rule declared by the court, and overcome the disability of the landowner to ask for affirmative relief, the act in question was passed. Under its provisions the owner of the land need not wait the institution of an action by the holder of the mortgage in order to have the vitality of the mortgage adjudicated, but may take the affirmative of the question and obtain from the court a determination whether a right of action exists on the mortgage or has been lost by lapse of time. There is undoubted power in the court to make such a determination, where the mortgagee institutes an action and undertakes to enforce the mortgage obligation, and by the aid of this act the landowner is afforded the same opportunity, and the judgment which he may obtain will go as far, but no farther, than would have been awarded in an action brought by the mortgagee. Nothing will be taken from the mort-

gagee by such an action, nor is he deprived of any remedy existing in his favor. The act only authorizes an adjudication as to the status of the mortgage when the action is begun, and the determination whether it is a live or a dead security. So interpreted, it can not operate as an impairment of the obligation of the mortgage contract, and the judgment rendered herein does not, therefore, cut the appellant out of any rights which he may have under the mortgage.

The judgment of the district court is affirmed.