ECLIPSE LUMBER COMPANY, Appellee, v. CITY OF WAUKON et al.,
Appellants.

**DISMISSAL AND NONSUIT:** Dismissal Before Trial—When Trial Precluded. The dismissal of an action by plaintiff before trial, even though it is an equitable action which involves the liability of a defendant city relative to various claimants for work and materials on a public improvement, deprives the court of all jurisdiction thereafter to proceed with the trial and adjudicate any right of the dismissing plaintiff's when the pleadings of the defendant are *solely defensive.*

Headnote 1:  18 C. J. pp. 1157, 1159.

Headnote 1:  9 R. C. L. 209.

*Appeal from Allamakee District Court.*—M. H. KEPLER, Judge.

MAY 10, 1927.

REHEARING DENIED OCTOBER 1, 1927.

An action to recover against the city of Waukon and other parties a certain claim for material furnished in the construction of a public improvement. After issue was joined, plaintiff, Eclipse Lumber Company, dismissed its action, and the other parties proceeded with the trial, resulting in a decree which afterwards was set aside by the court, on motion. From this ruling the city and other parties appeal.—*Affirmed.*

*William S. Hart,* for City of Waukon, appellant.

*William E. Miller,* for Iowa Loan & Trust Company, appellant.

*Guy W. Eaton* and *E. L. Miller,* for appellee.

ALBERT, J.—A general statement of the situation will probably be necessary to an understanding of the matters involved herein.

In July, 1922, the city of Waukon entered into a contract with Thomas Carey & Sons for the construction of certain pavement and other public improvements in the said city of Waukon. The Eclipse Lumber Company furnished material to the contractor in an amount of approximately $13,000. On the 11th day of September, 1922, Carey & Sons assigned to the Iowa Loan & Trust Company all moneys, bonds, certificates, warrants, or accounts, together with all sums due or to become due, with interest, and with all rights of action pertaining to and arising out of said contract, which assignment was presented to the city of Waukon, and accepted by it on the 14th day of December, 1923. The public improvements were accepted by the city on August 29, 1924. On November 4, 1923, the Eclipse Lumber Company filed with the city clerk an itemized sworn statement for the material furnished said contractor, and on the 23d of November, 1923, also filed an additional sworn statement, and again filed another additional sworn statement on the 4th day of December, 1923, setting out its items claimed for the material furnished to said contractor.

On the 10th day of December, 1924, the Eclipse Lumber Company filed with the clerk of the district court of Allamakee County a petition at law, making the city of Waukon and Thomas Carey & Sons defendant, and asking judgment against

both defendants in the sum of $12,598.50, with interest, alleging, in substance, the facts first recited. To this petition of plaintiff's the city of Waukon filed separate answer, and on the 8th of September, 1925, a default judgment was entered against Carey & Sons for the amount claimed to be due.

On November 11, 1925, plaintiff filed an amendment to its petition, the contents of which are not material here, and on November 12th filed a motion to transfer the cause to equity, which motion was sustained. On the same day, the city of Waukon filed an amendment to its answer, alleging that there were other claims filed with it by other parties, and that, under such circumstances, the proper proceeding was in equity, and that all parties interested should be in court, and asking that the rights of all parties be adjusted.

On December 3, 1925, plaintiff filed an amendment to its petition, bringing in all claimants, and making the Southern Surety Company, which furnished surety bond for the contractor, and the Iowa Loan & Trust Company, parties, and caused original notice to be served upon all of the new parties thus brought in. The city then filed a substituted separate answer, admitting the corporate capacity of the various parties concerned, the contract made between the city and Carey & Sons, the assignment of such contract to the Iowa Loan & Trust Company by Carey & Sons, and that the city had paid the purchase price of such improvement, in conformity to and compliance with the provisions of the contracts. It denied knowledge or information sufficient to form a belief as to all other matters alleged by plaintiff, "except as may hereinafter be specifically admitted, denied, or otherwise referred to." It specifically denies the responsibility of said parties, or any of them, in any way growing out of or connected with the contract for the improvement; denies that it has in its hands, possession, or control, or is responsible for, any funds belonging to or available to the claimants; denies that any party to the litigation has complied with any of the requirements of law essential to establish a claim against the city or the funds; alleges that the defendant has failed to comply with all of the provisions of the contract or obligations involved in or connected with this litigation, and is not now liable to any party herein; says that the matters pleaded by claimants disclose that none of the parties have any valid, enforcible

claim against the defendant; and affirmatively asserts that the defendant is not indebted to said parties, or any of them, and that they are without right to prosecute this suit or to obtain any relief. It alleges that each of their claims is barred by the statute of limitations and by the express provisions of the paving contracts and instruments executed in connection therewith. It says in words that the parties have waived said claims, and are estopped from setting up and asserting the same or obtaining any relief; denies that there is in existence any fund available to any party seeking relief against this defendant for equitable distribution between the claimants; and prays that the respective claims be dismissed upon their merits, and that they each go hence without relief, and that it be adjudged that defendant is without further responsibility or liability of any kind to any other party herein setting up or demanding relief as against the city, and that the alleged obligation of indebtedness of the defendant referred to in any and all pleadings herein be discharged and exonerated from such asserted liability, and that the defendant have judgment for its costs, and for such other and affirmative relief against all parties to this litigation as may seem equitable.

Later, the Southern Surety Company and the Iowa Loan & Trust Company filed separate answers, which will be hereafter referred to.

The case was set for trial on the 26th of January, 1926. On the 25th day of January, the Eclipse Lumber Company, by its attorneys, made upon the appearance docket where said cause appeared, the following entry:

"This cause of action is hereby dismissed without prejudice against all parties defendant except Thos. Carey & Sons. [Signed] Eclipse Lumber Company, By its Attorneys."

On the 26th day of January, 1926, several of the claimants dismissed their claims, without prejudice. The case then proceeded to trial between the remaining parties, and decree was entered on that date, purporting to fix the respective rights of all parties remaining in the lawsuit. The following day, January 27th, the Eclipse Lumber Company moved the court to set aside the decree entered on the previous date and to reopen the case. This motion was based on five different grounds, as follows:

(1)    That the court was without jurisdiction to determine the issues between the Eclipse Lumber Company and the city of Waukon after the plaintiff had dismissed its cause of action.

(2)    That, prior to the submission of the case, it had dismissed said action.

(3)    That plaintiff had no knowledge of the filing of any counterclaim or cross-petition on the part of the city of Waukon.

(4)    That no cross-petition or counterclaim had been filed by said city.

(5)    Because plaintiff was taken by surprise, and it was inequitable and unjust to adjudicate plaintiff's rights without an opportunity for it to be heard.

To this motion were attached affidavits of merit.

The city of Waukon, the Southern Surety Company, and the Iowa Loan & Trust Company filed a resistance thereto, to which were attached affidavits with reference to the matters involved. This being submitted to the court, an order was made that the motion to set aside and vacate the judgment and decree be sustained, except as to the Southern Surety Company; and the judgment and decree so entered were thereby set aside, except as to said Southern Surety Company. It is from this order that this appeal is taken.

Appellant city of Waukon in its brief and argument says:

"The sole question involved in appeal is whether the city's answer was purely defensive, or whether it set up a claim for obtainable affirmative relief. If, upon its pleading, the city was entitled to affirmative relief, then the trial court's order setting aside decree was invalid and clearly erroneous."

To this question we will first give our attention.

A reading of the pleading referred to discloses that it consists of three things: (1) A general and specific denial; (2) a plea of the statute of limitations; and (3) a plea in words of an estoppel, without a pleading of any facts supporting the same. The prayer was for a decree dismissing plaintiff and all other claimants upon merit, and that plaintiff and all plaintiffs be adjudged to go hence without relief, and for decree that the city was without responsibility or liability of any kind, and that it be adjudged that the city be discharged and exonerated from all claims, and for general equitable relief.

It is the contention of not only the city of Waukon, but of

the Southern Surety Company and the Iowa Loan & Trust Company, that the Eclipse Lumber Company did not remove itself from the jurisdiction of the court by its dismissal, because it is asserted that, under the pleadings of the city, above referred to, these parties were entitled to affirmative relief, and, therefore, in the eyes of the law, notwithstanding the dismissal made by the Eclipse Lumber Company, it was still in court.

Section 11562, Code of 1924, provides as follows:

"An action may be dismissed, and such dismissal shall be without prejudice to a future action:

"1. By the plaintiff, before the final submission of the case to the jury, or to the court when the trial is by the court.

"2. By the court, when the plaintiff fails to appear when the case is called for trial.

"3. By the court, for want of necessary parties, when not made according to the requirements of the court.

"4. By the court, on the application of some of the defendants, when there are others whom the plaintiff fails to prosecute with diligence.

"5. By the court, for disobedience by the party of an order concerning the pleadings or any proceeding in the action."

We have interpreted this section of the statute, and held, in substance, that, when the trial is by the court, an action may be dismissed by the plaintiff at any time before the final submission to the court. *Kuhn v. Bone*, 10 Iowa 392; *Holmes v. Hull*, 48 Iowa 177; *Witousek v. Ideal Yeast Co.*, 194 Iowa 47. We have also held that, when the plaintiff thus dismisses his petition, the court's jurisdiction over the plaintiff ceases, and the decree thereafter entered against defendant is absolutely void. *Bardes v. Hutchinson*, 113 Iowa 610; *Turner v. Woodruff*, 192 Iowa 848.

Section 11564, Code of 1924, reads as follows:

"In any case when a counterclaim has been filed, the defendant shall have the right of proceeding to trial thereon, although the plaintiff may have dismissed his action or failed to appear."

Were it not for this section, dismissal by the plaintiff would end the proceedings, even though a counterclaim had been filed. See *Page v. Sackett*, 69 Iowa 226.

The question, therefore, is whether or not the answer referred to sets up a counterclaim or cross-petition which would

still hold the plaintiff in court, notwithstanding its dismissal of its cause of action. It is not necessary, however, that the pleading be labeled "cross-petition or counterclaim." The question is as to what are the contents of the pleading; and if the contents are such that it in effect amounts to a counterclaim or cross-petition, it is sufficient. The question must be determined wholly upon the answer and amendment filed, regardless of what may have been contained in plaintiff's pleadings. In *Stewart v. Gorham*, 122 Iowa 669, in discussing this question, we said:

"Thus it will not be sufficient if it appear that the averments of the pleading are all defensive in character: that is, a statement of matters of fact brought forward, designed, and intended simply to defeat, in whole or in part, a recovery by plaintiff. To entitle a defendant to proceed, his pleadings must state an independent cause of action, with an appropriate demand for relief. It is not material that the cause stated involves, to a greater or less extent, the subject-matter of the cause of action as stated by plaintiff in his petition, but it must contain within itself the essential elements of a cause of action. In legal effect, the defendant becomes plaintiff, and the plaintiff becomes defendant."

Turning now to an application of this rule to the facts before us, we find that the pleading in controversy, in a large part, is: (1) A general denial of liability; (2) a denial that it is in any way indebted to the party herein; (3) a statement that all of the pleadings of all of the parties setting up or asserting any right or claim against this defendant or demanding .any relief against this defendant affirmatively disclose that none of them has any valid or enforcible claim against this defendant, or against any fund or any party for which this defendant is validly liable or responsible, and affirmatively disclose that this defendant is not indebted to said parties, or any of them, and also affirmatively disclose that said parties and each of them are without right to prosecute this suit or to obtain any relief herein against this defendant.

It is quite apparent, therefore, that all of the matters set up are purely defensive in their nature, and are pleaded for the purpose of defeating plaintiff's claim, and not for the purpose of obtaining any affirmative relief on the part of the defendant.

.It is next pleaded that the asserted claims and causes of action against this defendant or any party or any fund for which this defendant is responsible or liable are each barred by the statute of limitations and by the expressed provisions of the aforesaid contract.   The statute of limitations thus pleaded is purely defensive, and does not confer any right of action (*Riddlesbarger v. Hartford Ins. Co.*, 7 Wall. [U. S.] 386 [19 L. Ed. 257]), and is wholly available as a defense (*Capell v. Dill*, 82 Kan. 652 [109 Pac. 286] ; *Terry v. Davenport*, 185 Ind. 561 [112 N. E. 998]).

"Such a statute may be used as a shield, but not as a sword." *Cherrington v. South Brooklyn R. Co.*, 180 App. Div. 659 (168 N. Y. Supp. 322) ; 37 Corpus Juris 684.

It can never be used as a basis for affirmative relief.   *Corlett v. Mutual Ben. Life Ins. Co.*, 60 Kan. 134 (55 Pac. 844) ; *Johnson v. Wynne*, 64 Kan. 138 (67 Pac. 549).

As stated above, the appellant further pleads in words:

"All parties have waived said claim and are estopped from setting up or asserting the same and obtaining any recovery or relief thereon against this defendant."

This plea is wholly defensive, and is a naked conclusion, and no facts whatever are stated to support either the claim of waiver or estoppel, as thus asserted.

It is further pleaded that plaintiff is without right of recovery because the suit was not brought in a proper and timely manner.   This adds nothing whatever to what has already been pleaded.

We conclude, therefore, that, under the rules governing these matters, and under the statute, the answers filed herein were purely defensive, and did not rise to the dignity of a counterclaim or cross-petition or statement of an independent cause of action, and therefore the claim of appellants in this respect must fail.

Section 3103, Code of 1897, as amended by Section 16, House File 254, Extra Session Fortieth General Assembly, provides, in substance, that any party in interest may cause an adjudication of the amount, priority, and mode and time of payment of such claim, by an equitable action in the district court of the proper county.

Under this section a right is given to any party in interest

to cause an adjudication in cases of this character where numerous parties are interested. This section of the statute seems to have been followed by the appellee herein, as all claims were brought in; and, had appellee remained in court, without dismissing its case, the rights of all parties would have been adjudicated. We know of no law, and none is cited to us, which prevents the plaintiff, even in a proceeding of this kind, from dismissing his claim and retiring from the trial; and, under our rule heretofore cited, when he does dismiss his action and retires from the case, the court thenceforward has no jurisdiction whatever of him or of his cause of action.

We are treated to a discussion of the merits of the question as to whether the cause of action is barred for not having been brought within the statutory time. With this concrete question we are not concerned, at the present time.

It is our conclusion that appellee had a right to dismiss its petition and amendment when it did, and that, by so doing, it and its cause of action passed out of the jurisdiction of the court; and although the case, as between the other parties, was tried, and went to judgment, the decree entered therein would in no way affect or be binding upon the appellee, the Eclipse Lumber Company.

As the above matter is the foundation of the complaint against the ruling of the district court in setting aside the decree herein, and as we are holding against the contention of appellants on this question, it necessarily follows that the ruling of the district court was right.—*Affirmed.*

EVANS, C. J., and DE GRAFF and MORLING, JJ., concur.