No. 35,591

JACK GREENLEY, *Appellee*, v. DON LILLY et al., *Appellants*.

(127 P. 2d 416)

Opinion filed July 11, 1942.

*George Barrett,* of Pratt, argued the cause, and *Robert G. Miller,* of Pratt, was on the briefs for the appellants.

*William B. Hess,* of Pratt, argued the cause, and *Myron S. Steere,* of Pratt, was on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action in ejectment for partition and an accounting of rents and profits. Defendants have appealed from a ruling of the court upon a question of law, in advance of the trial, in which the court held the defense pleaded was barred by the statute of limitations.

From the petition it appears that plaintiff is the only child of a deceased daughter of Sarah Ann Lilly, who died intestate May 14,

1925, the owner and in possession of the real property in controversy; that he became 21 years of age in April, 1941, and brought this action in 1941; that defendants are a son and daughter of Sarah Ann Lilly and are in possession of the real property; that plaintiff and defendants are tenants in common, each owning an undivided one-third interest in the property; that defendants withhold possession of the property from plaintiff and refuse to account for rents and profits.

The answer among other things alleged that by a decree of divorce on March 16, 1923, Sarah Ann Lilly became the legal owner of the real property in controversy, and about that time she and defendants entered into an oral agreement, "That the said Sarah A. Lilly would make her home with Don Lilly and Zola Lilly Nell and they would maintain and provide for her the necessities and comforts of life and look after the use and management of her property for the balance of her life, and Sarah A. Lilly, in consideration therefor, would give to these answering defendants the above-described real property and all other property she might own at the time of her death"; that defendants carried out this agreement on their part, but "That Sarah A. Lilly made no provision by deed, will or other instrument to convey or devise her property to these answering defendants."

By reply plaintiff denied the oral agreement alleged by defendants and alleged if such an agreement was entered into defendants are barred by the statute of limitations.

For the purpose of having the court rule upon the question of law there was no dispute as to the facts. Plaintiff is the sole grandson of Sarah Ann Lilly and defendants are the sole surviving children. The agreement for maintenance and support and to convey the land was made between Sarah Ann Lilly and defendants in March, 1923, and was fully carried out by defendants. Sarah Ann Lilly died intestate in May, 1925, leaving the plaintiff and the two defendants as her sole and only heirs at law, and without making any devise or conveyance of the land under the agreement. Her estate was probated and the administrator discharged October 10, 1927. Defendants entered into possession of the land some time after the death of Sarah Ann Lilly. The trial court held that the agreement made in March, 1923, became executed on the part of defendants in May, 1925, at which time they were entitled to performance by Sarah Ann Lilly or by her personal representative. They took no steps to have that contract enforced. The court held the right of

action under this oral contract was barred by the three-year statute of limitations.

We shall refer to the parties as they appear in the court below. On behalf of defendants it is argued plaintiff is endeavoring to use the statute of limitations as a weapon of attack rather than a shield of defense; that such a statute cannot be used to uphold a claim for affirmative relief, citing *Corlett v. Insurance Co.,* 60 Kan. 134, 55 Pac. 844; *Burditt v. Burditt,* 62 Kan. 576, 64 Pac. 77; *Gibson v. Johnson,* 73 Kan. 261, 84 Pac. 982, and *Capell v. Dill,* 82 Kan. 652, 109 Pac. 286. This general statement is correct, but in our judgment it has no application here. Plaintiff does not base his cause of action on any statute of limitations. As an heir at law of Sarah Ann Lilly, who died intestate, he is the owner of an undivided one-third of the property in question. As such owner he seeks partition of the property and other relief consistent with such ownership. Defendants make no defense as to those claims. They claim under a separate and distinct set of facts. They assert a right to all the land upon an oral contract they made with Sarah Ann Lilly two years before her death, that if they would do certain things she "would give" them the real property in controversy and all other property she might own at the time of her death. They allege they performed the contract on their part, but that she failed to perform the contract on her part. Obviously, their right of action to enforce the oral contract accrued at the time of her death. It was this cause of action asserted by defendants to which plaintiff pleaded the statute of limitations. We think the court correctly held the three-year statute of limitations to be applicable. See *Muckenthaler v. Noller,* 104 Kan. 551, 189 Pac. 453; *Poss v. Steiner,* 118 Kan. 595, 236 Pac. 640; *McCarthy v. Sink,* 152 Kan. 659, 670, 671, 107 Pac. 790; and for cases more directly in point on the facts of this case, see *Kunze v. Kunze,* 145 Kan. 72, 64 P. 2d 568, and *Pownall v. Connell,* ante, p. 128, 122 P. 2d 730.

Defendants contend they are in possession of the property, claiming ownership thereof, and are entitled to the quiet enjoyment and use thereof, and that such right is not barred by any statute of limitations. Under this heading they cite the statute, G. S. 1935, 60-1801, and cases to the effect that one in possession may sue to quiet his title at any time. (*Giltenan v. Lemert,* 13 Kan. 476; *Neve v. Allen,* 55 Kan. 638, 41 Pac. 966; *Cooper v. Rhea,* 82 Kan. 109, 107 Pac. 799; *Cox v. Watkins,* 149 Kan. 209, 87 P. 2d 243, and cases

of similar import.) This point is not well taken. Defendants did not go into possession of the property in question within the lifetime of Sarah Ann Lilly, nor by virtue of any deed, will or other instrument executed by her. Upon her death intestate plaintiff became the owner of an undivided one-third interest in the property. When defendants thereafter went into possession of the property they of necessity did so as cotenants of the plaintiff. Their possession was not adverse to him, they did nothing to assert any rights against him, they make no contention any statute of limitations runs against his action for partition and other relief, and they have no right as against him to assert title to all of this property by reason of the fact of their possession. See *Schwab v. Wyss*, 136 Kan. 54, 12 P. 2d 719.

We find no error in the record. The judgment of the trial court is affirmed.