## Estate of Augustus Switzer v. Henry Gertenbach.

### Gen. No. 4,515.

1. GIFT—*promise to make, revoked by death.* A mere promise to make a gift out of the promisor's estate, even where it is evidenced by a promissory note delivered in the lifetime of the maker, is only an unexecuted intention to make a gift which is revoked by the death of the donor.

2. GIFT—*when promise to make, not revoked by death.* Where money has been expended or liabilities incurred in reliance upon such a promise, which, as a legal necessity, will cause loss or injury to the person to whom the promise is made, unless the promise is enforced, the donor or promisor is required, in good conscience, to pay, and the same may be collected out of his estate.

3. APPEAL—*when order granting, not essential to right of.* Appeals from the County Court may be taken in the same manner as appeals are taken from justices of the peace to circuit courts. It is not essential that an order granting an appeal should be made at the time of the final order in the County Court.

4. RECEIPTS—*may be contradicted or explained by parol.* Receipts are not conclusive and may be explained or contradicted by parol evidence.

5. STATUTE OF LIMITATIONS—*when begins to run against claim predicated upon services rendered.* Where a contract to pay for services rendered provides that payment shall only be made after the death of the promisor, the Statute of Limitations has no application until such death. If, however, the contract provides for such payment without limitation as to time, the statute begins to run immediately upon the rendition of the services.

Contested claim in court of probate. Appeal from the Circuit Court of Jo Daviess County; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1905. Reversed and remanded. Opinion filed August 1, 1905.

SHEEAN & SHEEAN and JONES & KERZ, for appellant.

HODSON & CAMPBELL, for appellee.

MR. PRESIDING JUSTICE VICKERS delivered the opinion of the court.

Appellee filed a claim in the County Court of Jo Daviess County against the estate of Augustus Switzer. The claim was for services alleged to have been rendered to the de-

ceased, a part of which is for labor as a clerk in a store, and the balance for labor on a farm. The total claim amounted to $9,691. The County Court dismissed the claim for a failure of appellee to file a cost bond. An appeal bond was filed, and the case removed to the Circuit Court, where a motion was made by appellant to dismiss the appeal because no order granting the appeal had been entered in the County Court; this motion was overruled, and the cause tried upon its merits before a jury in the Circuit Court.

Appellee is a son of the wife of the deceased by a former husband. The evidence shows that the deceased married appellee's mother in 1872. For something like two years after the marriage of his mother to the deceased, appellee lived with the deceased and his mother on the second floor of the store building. The exact time when appellee and his wife first took up their residence with the family of the deceased, and just how long it continued, is a matter of uncertainty under the evidence. It is, however, reasonably certain that whatever services were rendered to the deceased in the store was during the time the two families lived together.

The evidence also tends to show that in the year 1875 or 1876, appellee, with his wife and one child, moved to a farm of Mr. Switzer, and resided thereon until about 1885, when appellee, with his family, moved to Dubuque, Iowa, where appellee was employed in machine shops. Appellee again moved on the farm about 1895 or 1896, and remaining until the spring of 1897, when he again returned to Dubuque, Iowa, where he continued to reside until the death of Mr. Switzer, which occurred December 3, 1903. The occupation of the farm by appellee from 1896 to 1897 was under a rental contract, and as we understand the evidence has nothing to do with appellee's claim for services rendered on the farm. By his last will, Augustus Switzer left all of his estate of every kind and description to Mrs. Mary Isabella Harney, wife of Harrison Harney, of the city of East Dubuque. Appellee presented a claim for $41.49 against the estate of Mr. Switzer which was duly allowed

and paid, appellee giving a receipt in full to the executor of all demands against said estate. This claim was for time spent by appellee about the business of Augustus Switzer, money advanced for livery, attorney's fees and expenses paid in connection with the funeral of Mr. Switzer's wife. The claim now in controversy was not presented to the County Court for several months after the small claim had been paid. Appellee's contention is, that the services in the store and on the farm were rendered by him in pursuance of a contract, which he claims existed between him and the deceased. The evidence in support of this contention consists almost entirely of certain alleged admissions which were made by the deceased to various witnesses. It is also the contention of appellee that the evidence proves that it was the intention of the deceased to compensate appellee for his services by making him the beneficiary in a will of the farm on which appellee had resided, consisting of something like 400 acres. Appellee's contention further is, that if the evidence fails to show an express contract, that the circumstances under which the alleged services were rendered were such as would entitle him to recover on an implied contract.

Appellant's contention may be summarized as follows: That there was no contract in existence between the parties, such as is claimed by appellee; that if such contract ever existed, appellee abandoned and violated it by moving away from the farm; that if any such contract ever existed, it was not in writing, and the five years' Statute of Limitation is a good defense to all of the claim which accrued more than five years before the death of Switzer; and that no services whatever were rendered within five years next before his death; and that the receipt in full, being unexplained, is a bar to this action.

The burden rests with appellee to establish his right of action by proof of an express or implied contract, an acceptance of the same and a compliance on his part with the terms thereof. This is so elementary that no citation of authority is required. A mere promise to make a gift out of

Estate of Augustus Switzer v. Gertenbach.

the promisor's estate, even where it is evidenced by a promissory note delivered in the lifetime of the maker is only an unexecuted intention to make a gift which is revoked by the death of the donor. Kirkpatrick v. Taylor, 43 Ill. 207; Blanchard v. Williamson, 70 Id. 647; Pratt, Admx., v. Trustees, 93 Id. 475; Williams v. Forbes, 114 Id. 167; Richardson v. Richardson, 148 Id. 563. But where money has been expended or liabilities incurred in reliance upon the promise, which, as a legal necessity, will cause loss or injury to the person to whom the promise is made, unless the promise is enforced, the donor or promisor is required, in good conscience, to pay, and the same may be collected out of his estate. Beatty v. Western College, 177 Ill. 280. It is in such cases, the expending of money or the incurring of legal liabilities operating by way of estoppel, that gives the right of the action and without which there is no cause of action. Pratt v. Trustees, *supra;* Beach v. First M. E. Church, 96 Ill. 177; Hudson v. Green Hill Seminary, 113 Id. 618.

It is not our purpose to enter into a discussion of the evidence, since, under the view we take, the case must be reversed and remanded for other reasons, a discussion of the evidence at this time would seem out of place.

The Circuit Court did not err in refusing to dismiss the appeal because no order granting the appeal had been made by the County Court. In this class of cases, appeals from the County Court may be taken in the same manner as appeals are taken from the justice of the peace to circuit courts. It is not necessary that an order granting the appeal should be made at the time of the final order in the County Court. Revised Statutes, chapter 3, paragraph 68; Fix v. Quinn, 75 Ill. 232.

The contention of appellant that the receipt in full is conclusive of appellee's right cannot be sustained, unless the evidence wholly failed to explain or contradict it. The rule that receipts are not conclusive and may be explained or contradicted is well established. Ditch, Admx., v. Vollhardt, 82 Ill. 134. Under the evidence in this case, we think

it was a question for the jury to determine whether the receipt was so explained or contradicted as to permit a recovery notwithstanding it.

A disagreement exists between the parties as to the proper application of the Statute of Limitations. If there was an executed contract between appellee and the deceased, by which appellee agreed to perform services for the deceased, in consideration for compensation which, by will or otherwise, was to be paid at the death of the deceased, or out of his estate, then the Statute of Limitations would not run against the claim, for the manifest reason, that by the terms of the contract, the compensation would not mature until the death of Switzer. This is the rule laid down in the numerous cases cited by appellee in his brief. Appellee assumes that the doctrine of our Supreme Court in Freeman v. Freeman, 65 Ill. 106, and reannounced in Miller v. Cinnamon, 168 Ill. 447, is in conflict with the current weight of authority on this subject. This, we think, is a misapprehension and results from a failure to discriminate between the terms of the different contracts under consideration. If the contract is one to pay by the month or year or generally without any time specified, the Statute of Limitation will begin to run at the time when the compensation becomes due, so that in any given case, when the terms of the contract are clearly established, no difficulty will be found respecting the application of the Statute of Limitation. In the Freeman case, *supra*, there was no pretense that the compensation of the son was not to be due until after the death of his father; and in the Cinnamon case, *supra*, the court treated the contract as a hiring by the year, and the compensation would, therefore, become due at the end of each year, and hence the Statute of Limitation was properly held a good defense to all of the claim, except such as had accrued within the period fixed by the statute. Quigly v. Harold, 22 App. 269, is a case where the agreement was that the compensation was not payable until the death of the promisor, and it was held that the Statute of Limitation was no bar to the claim, or

any part of it. Whether the Statute of Limitation is a bar to appellee's claim depends on the terms of the alleged contract. If, as appellee contends, the compensation was only to be payable after the death of Switzer, or out of his estate, then the Statute of Limitation would have no application, for the reason that the claim would not mature until after Switzer's death, and the statute could not begin to run until the cause of action accrued; if, on the other hand, there was a contract to pay appellee for his services, and not limited to be paid after death, or if the services were rendered under such circumstances that the law would imply a contract to compensate appellee, then the Statute of Limitation would apply, and would constitute a good defense as to any claim appellee might have which became due more than five years before the death of Switzer.

The court refused all of the instructions offered by appellant upon the subject of the five years' limitation. This ruling can only be justified upon the assumption that all the evidence tended to prove that there was an express contract that appellee was to be paid for his services out of the estate of the deceased, or after his death. This we do not think the trial court was warranted in assuming. We think the evidence is such as to warrant the submission to the jury of properly drawn instructions, advising them of the application of the Statute of Limitation, in case the jury found such a contract as the statute would apply to.

At the instance of appellee, the court gave to the jury, among others, the following instruction:

" The court instructs the jury that if they believe, from the evidence in this case, that at the time the services in question were performed, both the claimant, Henry Gertenbach, and Augustus Switzer understood and expected that the claimant was to be paid therefor, although no express contract to pay for the services be proven, in which case a contract would be raised by implication of law to pay for such services."

The giving of this instruction aggravates the error in refusing all instructions relating to the Statute of Limitation. Conceding that the law will raise an implied promise

to pay for services under the facts stated in this instruction, yet the implied promise to pay is not a promise to pay after death, or out of his estate, but an implied promise to pay within a reasonable time after the rendition of such services. The jury may reasonably have believed that if appellee performed services under circumstances as stated in this instruction, that the court intended to advise the jury that compensation could be allowed out of the estate, without reference to the time when such services were rendered, and if so understood, the instruction was misleading and erroneous. This instruction should not have been given, or if given, the jury should have been limited under it to such compensation as had become due within the period of limitation fixed by the statute.

Without expressing any opinion as to the sufficiency of the evidence in this case to warrant a verdict, the judgment is reversed, and the cause remanded, for the errors above indicated.

*Reversed and remanded.*