(No. 30748.—

G. LEWIS LLOYD, Trustee, (FLORENCE T. LLOYD, Successor Trustee, *et al.,* Appellees,) *vs.* THE TREASURER OF THE STATE OF ILLINOIS *et al.*—(PEARL C. JARRETT, Appellant.)

*Opinion filed November 18, 1948.*

THOMAS L. JARRETT, and H. E. FULLENWIDER, both of Springfield, for appellant.

GEORGE F. BARRETT, Attorney General, of Springfield, (ALBERT E. HALLETT, of Chicago, of counsel,) for appellee the State Treasurer; STEVENS & HERNDON, (ELMER NAFZIGER, of counsel,) both of Springfield, for appellee Florence T. Lloyd.

Mr. JUSTICE WILSON delivered the opinion of the court:

In 1901, Robert F. Brown acquired title to a farm of 160 acres in Sangamon County and, prior to 1915, Lee Jarrett and his sister, Millie Jarrett, became tenants of Brown and continued to reside on the property until their respective deaths in 1936 and 1946. By an oral agreement entered into in 1920 with Lee and Millie Jarrett, Brown agreed to give them, or the survivor, by his last will and testament, the complete control, use, occupancy and the entire proceeds of the farm for a period of twenty years from the date of his death, if they, or the survivor of them, should so long live, provided that they, or the survivor, would pay the taxes, pay the annual customary rent during the remainder of the lifetime of Brown, and keep the buildings insured from the date of his death. The contract provided, further, that any improvements placed upon the property by them, or either of them, before Brown's death or during the twenty-year period thereafter, were to be left on and become a part of the real estate; that an account should be kept and in the event that they, or the survivor, did, or could, not purchase the property when sold in accordance with the terms of Brown's will, they, or the survivor of them, or their legal representatives, would be reimbursed for the actual costs of the improvements and

the labor in making them, out of the proceeds derived from the sale of the real estate.

On March 18, 1931, Brown died testate and, thereafter, his will, executed June 30, 1925, was admitted to probate on April 21, 1931, and the real estate involved in the present controversy was inventoried. Lee and Millie Jarrett were given notice of the probate proceedings. Although the fifth section of Brown's will, in large measure, carried out the oral agreement of 1920, it contained no provision for reimbursing Lee and Millie Jarrett for the cost of any improvements placed upon the property by them either before or after Brown's death and, to this extent, was inconsistent with the antecedent oral agreement. Section 5 devised the property to G. Lewis Lloyd, in trust, for the following purposes:

"He shall permit Lee Jarrett and Millie Jarrett, his sister, and in case of the death of either of them, then the survivor thereof, to have full and complete control over all of said real estate, to receive all the rents, income and profits therefrom, for the full space of twenty years, from my death, provided they or the survivors of them shall pay all taxes and any special assessments that may be levied by any Governmental authority and keep the property in good repair and keep the buildings thereon insured for reasonable amounts and they or either of them may put any improvements thereon that they or either of them may desire, * * *.

"At the expiration of twenty years and as soon as convenient thereafter my said trustee shall sell and dispose of said property together with all improvements thereon vesting in the purchaser or purchasers good and merchantable title and after deducting all necessary expenses and reasonable compensation * * *, the rest, residue and remainder of said proceeds shall be paid by said trustee to the Treasurer of the State of Illinois as my gift to the people of said State; said sale or sales may be made at public or private sale, as the judgment of said trustee may dictate, and the said Lee Jarrett or Millie Jarrett or either of them may become purchasers of all or any part thereof, if they so desire.

"Provided further that if before the expiration of twenty years the said Lee Jarrett and Millie Jarrett, both depart this life, said trustee shall proceed to dispose of said property and dispose of the proceeds as above provided notwithstanding said twenty years have not expired."

Neither Lee nor Millie Jarrett filed a claim against the estate of Robert F. Brown, deceased, and, on June 23, 1936, the estate was closed and the executor of Brown's will discharged. After Lloyd had assumed his duties as trustee, Lee and Millie Jarrett told him of the oral agreement of 1920 and he informed them that Brown had advised him of this agreement. Following Brown's death both Lee and Millie Jarrett remained in possession and continued to live on the property, paid the taxes, kept the buildings insured, and made improvements thereon. Millie Jarrett died in June, 1936. Thereafter, Lee Jarrett lived on the property until his death on October 14, 1946. He left surviving his wife, Pearl C. Jarrett, as the sole beneficiary under, and, also, the executrix, of his will. In the meantime, G. Lewis Lloyd, trustee, had died and Florence T. Lloyd was appointed successor trustee.

On December 10, 1946, the successor trustee filed a petition in the circuit court of Sangamon County, alleging that, by reason of the deaths of Lee and Millie Jarrett, the duty devolved upon her of selling the property and asked that an order be entered authorizing her so to do. A decree of sale authorized her to sell the property at public auction for not less than $33,600 cash, and to hold the proceeds, pending the further direction of the court. The property was sold to Henry A. McMillion for $38,400 and, on January 31, 1947, the sale was judicially approved. In the *interim,* on January 3, 1947, Pearl Jarrett filed her intervening petition, and attached as an exhibit an itemized statement for the years 1921 through 1931, showing the cost of improvements made by Lee and Millie Jarrett on the property for those years, costing $959.75. During the years 1934 through 1946, Lee and Millie Jarrett expended $605.65 for improvements and made repairs, including new roofs and a new cave door, costing an additional $128.15, making a total of $1693.55. Pearl Jarrett charged that, although Lee Jarrett complied with the oral agreement

between Brown and himself, he never received any compensation for the improvements. The relief sought was a judgment specifically enforcing the oral agreement, an accounting of the costs of the improvements made by Lee Jarrett and payment of the sum found to be due the intervening petitioner.

The defendants, the Treasurer of the State of Illinois, and Florence T. Lloyd, successor trustee under Brown's will, interposed separate motions to dismiss the intervening petition of Pearl Jarrett. The substance of the principal grounds urged in support of their motion was that the claim is without foundation because the will of Robert F. Brown, deceased, upon its admission to probate, gave notice to the parties to the oral agreement of its breach and, also, notice that no further improvements could be placed on the real estate with any expectation of reimbursement under the oral agreement of 1920; that the present cause of action is barred by the election of Lee and Millie Jarrett, in 1931, to take under the provisions of Brown's will rather than to assert their contractual rights, if any, and that, if the claim for reimbursement for improvements made before Brown's death was valid under the oral agreement, it was barred by both the five years' and ten years' Statute of Limitations, or *laches*. On March 10, 1948, the motions of the defendants to dismiss the intervening petition and two amendments to the petition were allowed.

From the order entered in favor of defendants, and against the intervening petitioner, the latter prosecutes this direct appeal, the State of Illinois being interested as a party, or otherwise, within the contemplation of section 75 of the Civil Practice Act. (Ill. Rev. Stat. 1947, chap. 110, par. 199.) The interest of the State is direct and substantial, and of a monetary character, in contradistinction to a mere nominal interest in the subject matter of the litigation. (*Keplinger* v. *Lord*, 357 Ill. 571.) Here, the interest of the State in the litigation is $1693.55. If the

intervening petitioner prevails, the amount payable to the State from the estate of Robert F. Brown, deceased, will be reduced by this amount.

Either of two grounds urged by defendants in the circuit court and argued upon this appeal as a bar to the present action, namely, the election of Lee and Millie Jarrett to take under the provisions of Robert F. Brown's will and the Statute of Limitations, is sufficient to sustain the challenged order. By his will, Brown did not comply fully with the oral agreement entered into with Lee and Millie Jarrett for the reason that he made no provision for reimbursing either of them for any improvements that they might place on the real estate prior, or subsequent, to the death of the testator. The will became effective on March 18, 1931, the date of Brown's death, (*Havill* v. *Havill*, 332 Ill. 11; *Downing* v. *Grigsby*, 251 Ill. 568,) and since it did not provide for reimbursement for improvements placed upon the premises by Lee and Millie Jarrett, the oral agreement was, to this extent, breached on the day named. Neither Lee nor Millie Jarrett took any steps to reject the provision made for them by Brown in his will and to enforce the oral agreement. Each of the beneficiaries continued to live on the farm until her or his death. During their joint lives they received the income from the property, in accordance with the provisions of Brown's will and, upon the death of Millie Jarrett, in 1936, Lee Jarrett continued, for ten more years, to receive the income from the property until his death in 1946. Having accepted the benefits provided for them by Brown's will, Lee and Millie Jarrett were estopped from asserting any claim under the oral agreement. Election under a will consists in the exercise of a choice offered a devisee or legatee of either accepting its benefits and surrendering some claim, right or property which the will undertakes to dispose of, or of retaining his claim, right or property, and rejecting the provisions made for him by the will. He cannot do

both. Where such a claim is inconsistent with the provision of a will, the testator does not intend the beneficiary shall enjoy both the right or property claimed and what is given by the will. Since the intention of the testator is that all the provisions of the will should take effect, a beneficiary cannot accept what is given by the will and set up any right or claim, irrespective of however legal or well founded, which would defeat or prevent a full operation of the will. (*Schlimme* v. *Schlimme,* 364 Ill. 303; *Burns* v. *First Nat. Bank,* 304 Ill. 292; *Chaney* v. *Baker,* 302 Ill. 481; *Elmore* v. *Carter,* 289 Ill. 560; *Gorham* v. *Dodge,* 122 Ill. 528.) As pertinently observed in *Palenske* v. *Palenske,* 281 Ill. 574, "The equitable doctrine of election does not depend upon any statute but rests upon the ground that one who elects to take under a will and asserts a claim to property given by the will must recognize the equitable rights of all parties under the same will and thereby ratifies all the terms of the will. A beneficiary cannot insist upon provisions of a will in his favor and deny the validity of the provisions to his prejudice, but the will must be accepted as a whole or not at all." In the present case, Lee and Millie Jarrett, never having either jointly or severally attempted to enforce the oral agreement, and each having accepted all the benefits provided for him or her by the will of Robert F. Brown, the intervening petitioner, who is the personal representative of Lee Jarrett, is similarly precluded from enforcing the oral agreement and from asserting any claim thereupon. *In re Estate of King,* 310 Ill. 90.

Not only did Robert F. Brown's will breach the oral agreement of 1920 but, upon being admitted to probate in 1931, gave Lee and Millie Jarrett notice of the breach and, in addition, notice that no further improvements could be placed upon the property with any expectation of reimbursement therefor. From the pleadings, it appears that they placed improvements on the property costing $959.75 during the lifetime of Robert F. Brown and that, there-

after, the improvements made by them cost $605.65 and, in addition, new roofs and doors, among other repairs, cost $128.15. The right of action of Lee and Millie Jarrett to enforce the oral agreement accrued either on March 18, 1931, the date of Brown's death, or on April 21, 1931, the day the will was admitted to probate. Since more than fifteen years passed without any attempt to enforce this cause of action, it is immaterial on which of these two dates the Statute of Limitations actually commenced to run. Again, it is immaterial whether the five-years' Statute of Limitations (Ill. Rev. Stat. 1947, chap. 83, par. 16,) on oral contracts or the ten-years' statute on written contracts (Ill. Rev. Stat. 1947, chap. 83, par. 17,) is applicable, since more than fifteen years elapsed between 1931 and 1947 when the intervening petition was filed. The Statute of Limitations against actions or claims arising out of a promisor's noncompliance with an agreement to make provision by will for the promisee commences to run at the time of the promisor's death. No right of action accrues to the promisee until the death of the promisor and his failure to comply with the agreement. (54 C.J.S., Limitations of Actions, sec. 132; *Greenley* v. *Lilly*, 155 Kans. 653, 127 Pac. 2d 416; *Morrissey* v. *Morrissey*, 180 Mass. 480; *Scott* v. *Walker*, 141 Tex. 181, 170 S.W. 2d 718; *Downey* v. *Guilfoile*, 96 Conn. 383.) Decisions in this State are to the same effect. (*Schweickhardt* v. *Jokers*, 250 Ill. App. 77; *Estate of Switzer* v. *Gertenbach*, 122 Ill. App. 26.) If Lee and Millie Jarrett had rejected the provisions made by Robert F. Brown for them in his will and had taken appropriate proceedings to enforce the oral agreement, and had they been successful in this effort, then they would have taken under the oral agreement instead of under the will and, upon the death of Lee Jarrett, his personal representative would have been entitled to recover under the oral agreement for the improvements made by him upon the real estate. Lee and Millie Jarrett did not elect so to

do, and the time has long since passed for the assertion of rights under the oral agreement of 1920. The intervening petitioner is the widow of Lee Jarrett, the sole beneficiary and executrix of his will, and predicates her petition solely upon rights acquired from him. This being so, it follows necessarily that if he and his sister, Millie, were barred by the Statute of Limitations, she is likewise so barred. 53 C.J.S., Limitations of Actions, sec. 18 (b); *Ellsworth,* v. *Ellsworth,* 140 Ill. 509.

The order of the circuit court of Sangamon County is affirmed.

*Order affirmed.*