ROYAL PAUL LUEPKER, Plaintiff-Appellant, *v.* ELLARD FLOYD RIESO *et al.*, Defendants-Appellees.

Fifth District   No. 82—601

Opinion filed November 3, 1983.

Kevin C. Kaufhold and Katherine J. Tillery, both of Kassly, Bone, Becker, Dix and Tillery, P.C., of Belleville, for appellant.

Robert J. Jennings, of Jennings, Tedesco, Flynn & Guymon, of Belleville, for appellee Marilyn Dahm.

Floyd E. Crowder, of Crowder, Traughber & Scoggins, Ltd., of Columbia, for appellee Ellard Floyd Rieso.

JUSTICE KASSERMAN delivered the opinion of the court:

This appeal is from a judgment in a will contest proceeding. In his amended complaint, Royal Paul Luepker, plaintiff, alleged that the provisions of the will of the testator, Theophil Rieso, should not have been found to be operative as to specific property purported to have been disposed of by such will because said disposition was contrary to certain provisions of the will of Lillian Rieso, testator's wife, who predeceased him. Plaintiff urged that by reason of his petitioning to have Lillian's will admitted to probate and by accepting certain benefits under the will, Theophil became barred from making any disposition of property contrary to the provisions of Lillian's will. The relief sought by plaintiff as against defendants, Ellard Floyd Rieso and Marilyn Dahm, co-executors of Theophil's estate, was in pertinent part as follows: (1) a declaration that Theophil was barred by law from devising

or bequeathing property received under Lillian's will is a manner in conflict with the provisions of Lillian's will; and (2) a declaration that Theophil's will was inoperative to dispose of property which Theophil received on Lillian's death. Plaintiff appeals from the trial court's denial of all relief requested.

The record indicates that Theophil and Lillian were each married prior to their marriage to each other. Plaintiff is Lillian's son from her first marriage; and defendants are Theophil's children from his first marriage. No children were born to Lillian and Theophil.

Lillian's will was executed on January 22, 1957. In addition to naming plaintiff and Theophil executors and providing for payment of just debts and funeral expenses, it made a gift of a house to plaintiff in fee simple, and, in the event that Lillian and Theophil died in a common disaster or simultaneously, all of her real and personal property was devised to plaintiff and to Ellard Floyd Rieso, share and share alike, in fee simple. The will also contained the following two paragraphs:

"I give, devise and bequeath all the rest, residue and remainder of my property, both real and personal, wherever situated, to my husband Theophil J. Rieso to have and to hold for and during his life and after his death to my son Royal Paul Leupker and Ellard Floyd Rieso, my husband's son, equally, share and share alike, in fee; provided, however, that if my said husband Theophil J. Rieso should remarry prior to his death then all of my property, real and personal, wherever situated, shall be divided equally between my said husband Theophil J. Rieso, my son Royal Paul Luepker, and Ellard Floyd Rieso, my said husband's son, to have and to hold forever.

\*\*\*

It is understood between my said husband Theophil J. Rieso and myself that there is certain real property held by us in joint tenancy, and both of us realizing and knowing that such property passes to the survivor upon the death of one of us, and in consideration of the fact that this property was acquired through both of our joint efforts through our married life, and in further consideration of our love and affection for each other, it is hereby agreed that upon the death of both of us said property, which is held in joint tenancy, shall pass to both of our sons, namely, Royal Paul Luepker and Ellard Floyd Rieso to have and to hold forever. It is further agreed between my husband Theophil J. Rieso and myself that in the event that such joint tenancy property shall be sold during the lifetime of

the survivor that one-third of the proceeds of said sale will be paid to my son Royal Paul Luepker, one-third of the proceeds of said sale will be paid to my husband's son Ellard Floyd Rieso, and the other one-third of the proceeds of said sale will be paid to the survivor."

Lillian died in 1972. Included in the probate court file for her estate is a document entitled "Petition for Authority to Transfer Interest in Motor Vehicle" which was filed February 15, 1973. The petition recites that among the assets of the estate was a 1970 Buick automobile, which was owned by the decedent and Theophil "as tenants in common," and that Theophil was given a life estate in the personal property of the decedent under the will. The petition, seeking authorization to transfer the automobile to Theophil individually, was granted by the court.

The estate tax return for Lillian's estate lists among the assets of the estate a checking account valued at $377.46, the Buick automobile valued at $1,950 and "miscellaneous personal effects" valued at $150. The return also includes the following assets owned by Lillian and Theophil, as joint tenants: a passbook account ($6,298.88); automatic renewal certificates ($11,900); certificates of deposit ($10,300); and real estate valued at a total of $23,500.

Theophil died in 1979, leaving a will executed August 17, 1978. Except for two minor bequests not pertinent here, Theophil's will left all of his real and personal property to his children, the defendants herein. No provision was made for plaintiff.

Plaintiff argues that by accepting benefits under Lillian's will, Theophil either: (1) made an irrevocable election to comply with all of the terms of Lillian's will, including its provisions in favor of plaintiff, or (2) became estopped to act otherwise than in compliance with the terms of Lillian's will. Defendant Ellard Floyd Rieso has confessed that the trial court erred in its judgment and concedes at oral argument before this court that his interests would be best served by reversal of that judgment.

The law applicable to plaintiff's first contention was stated by our supreme court in *Lloyd v. Treasurer of State of Illinois* (1948), 401 Ill. 520, 525-26, 82 N.E.2d 470, 473, in which the court stated:

"Election under a will consists in the exercise of a choice offered a devisee or legatee of either accepting its benefits and surrendering some claim, right or property which the will undertakes to dispose of, or of retaining his claim, right or property, and rejecting the provisions made for him by the will. He cannot do both. Where such a claim is inconsistent with the

provision of a will, the testator does not intend the beneficiary shall enjoy both the right or property claimed and what is given by the will. Since the intention of the testator is that all the provisions of the will should take effect, a beneficiary cannot accept what is given by the will and set up any right or claim, irrespective of however legal or well founded, which would defeat or prevent a full operation of the will."

It is indispensable to the application of the doctrine of election that there be (1) a plurality of gifts, or two inconsistent or alternative rights or claims in property devised, the choice of one by the devisee being intended to exclude him from the benefit of the other, and (2) in case the property of the devisee is disposed of by the will, and he chooses to assert his right to such property against the will, that there be a fund for his benefit, given by the will, which can be used to compensate the parties whose right to take under the will is defeated by the election. (*Carper v. Crowl* (1894), 149 Ill. 465, 477-78, 36 N.E. 1040, 1043.) The doctrine of election can never be applied except where, if an election is made contrary to the will, the interest that otherwise would pass by the will can be laid hold of to compensate the other legatees for what is taken away from them. (*Commissioner of Internal Revenue v. Kelly's Estate* (7th Cir. 1936 ), 84 F.2d 958, 962, *cert. denied* (1936), 299 U.S. 603, 81 L. Ed. 445, 57 S. Ct. 230.) Moreover, under appropriate circumstances a court will limit a surviving tenant's disposition of joint tenancy property. See *Moline National Bank v. Flemming* (1980), 91 Ill. App. 3d 398, 402, 414 N.E.2d 936, 939.

The issue before us, therefore, is whether the trial court properly determined that Theophil did not receive some benefit under Lillian's will, which he would not otherwise have received, sufficient to require application of the doctrine of election. We view the facts as showing no such benefit. True, Theophil apparently received decedent's checking account and personal effects and her interest in the automobile. These items were all subject to disposition by the decedent to whomever she chose. However, at the time of Lillian's death, a surviving spouse was entitled to a surviving spouse's award in no event to be less than $2,500. (Ill. Rev. Stat. 1971, ch. 3, par. 178.) Theophil was entitled to said award unless the will of the decedent expressly specified that the provisions of the will for the surviving spouse were in lieu of the award and the surviving spouse did not renounce the will. Ill. Rev. Stat. 1971, ch. 3, par. 182.

The instant will contained no such provision. It appears that the combined value of the personal property bequeathed to Theophil by

Lillian fell short of $2,500. Although it is a decision not binding on Illinois courts (see *City of Chicago v. Groffman* (1977), 68 Ill. 2d 112, 368 N.E.2d 891), the court in *Commissioner of Internal Revenue v. Kelly's Estate* (7th Cir. 1936), 84 F.2d 958, concluded that no benefit conferred by the testator's will sufficient to require application of the doctrine of election had occurred where the record did not show that the benefit to the surviving spouse under the will exceeded the minimum surviving spouse's award of $500 then in effect. Ill. Rev. Stat. 1933, ch. 3, par. 75.

■■ We find the reasoning in *Kelly* to be persuasive in the instant case. No justification appears to exist for determining that Theophil made an irrevocable election to dispose of the joint tenancy property in conformance with Lillian's will. He received no actual benefit in return which he would not have been entitled to absent Lillian's will. Stated another way, his receipt of personal property by reason of Lillian's will appears to be entirely consistent with his decision not to be bound by the terms of Lillian's will when he drafted his own will because the value of the surviving spouse's award would have exceeded the value of the personal property received by him from Lillian's estate. Under these facts, the trial court did not err in refusing to apply the doctrine of election.

■■ Plaintiff also argues that the trial court erred in refusing to hold Theophil to be estopped from denying the validity of the dispositional provisions of Lillian's will. This contention is founded upon the same line of authority which supports plaintiff's contention regarding election. (See *Hunt ex rel. City of Streator v. Evans* (1890), 134 Ill. 496, 504, 25 N.E. 579, 581.) The fact is that the acts done (or admitted) by Theophil no more support estoppel than election. Before a party can raise the issue of estoppel there must be conduct which was calculated to mislead him. (*Ptasek v. Konczal* (1955), 7 Ill. 2d 145, 153, 130 N.E.2d 257, 261.) The record indicates that Theophil's conduct with respect to Lillian's will could not be said to have misled plaintiff in any way.

Plaintiff, citing *Allwood v. Cahil* (1943), 382 Ill. 511, 47 N.E.2d 698, also argues that "the probate of a will is an adjudication of its legality and binding effect which cannot be collaterally attacked." Plaintiff's reliance on *Allwood* is misplaced. Here there is no collateral attack on Lillian's will. The only question is its legal effect in light of Theophil's conduct.

Plaintiff further urges that the trial court erred in admitting "evidence" at trial that joint tenancy property could only be devised by contract. We need not address that issue, since plaintiff's arguments

relative to election and estoppel must be rejected in any event. The judgment may be sustained upon any ground warranted by the record, irrespective of whether the particular reasons given or conclusions rendered are correct. *City of Rockford v. Maxwell* (1968), 92 Ill. App. 2d 336, 340, 234 N.E.2d 563, 566.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

HARRISON, P.J., and WELCH, J., concur.