THIRD DIVISION
June 30, 2008

No. 1-07-2536

| | | |
|---|---|---|
| *In re* ESTATE OF ETHEL IRENE HALE, | ) | Appeal from the |
| Deceased | ) | Circuit Court of |
| | ) | Cook County. |
| | ) | |
| (Virginia Chapa and Sylvester Chapa, | ) | |
| | ) | |
|    Claimants-Appellants, | ) | |
| | ) | |
|    v. | ) | |
| | ) | |
| Robert Cook and Cynthia Cook, | ) | Honorable |
| | ) | Jeffrey A. Malak, |
|    Objectors-Appellees.) | ) | Judge Presiding. |

PRESIDING JUSTICE QUINN delivered the opinion of the court:

Claimants Virginia and Sylvester Chapa (the Chapas) filed a statutory custodial claim against Ethel Irene Hale's estate, pursuant to section 18-1.1 of the Probate Act of 1975 (Probate Act) (755 ILCS 5/18-1.1 (West 2004)). Robert Cook and Cynthia Cook (the Cooks) objected to the Chapas' custodial claim. The circuit court awarded the Chapas $100,000, to be set off by the amount of $50,000 paid to the Chapas during the decedent's life. On appeal, the Chapas contend that the circuit court erred by: (1) applying a five-year statute of limitations to the Chapas' custodial claim; (2) applying a set off of $50,000 to the Chapas' custodial claim; and (3) awarding the Chapas the minimum statutory amount under section 18-1.1. For the following reasons, we reverse and remand.

On January 5, 2005, Hale's will was admitted into probate, and Virginia Chapa, Hale's daughter, was appointed independent administrator of Hale's estate. On August 30, 2005, the Chapas filed a $200,000 claim for care provided to Hale, based on an implied contract between the Chapas and Hale. The Chapas later amended their $200,000 custodial claim, to be based on section 18-1.1 of the Probate Act (755 ILCS 5/18-1.1 (West 2004)). In their claim, the Chapas stated that in May 1995, they brought Hale from Texas to live with them at their home in Illinois. In February 1996, Virginia was appointed guardian of both Hale and her estate. Virginia provided daily care to Hale, including meals, bathing, diapering, housekeeping, providing exercise and medication. The Chapas submitted a detailed list of care provided to Hale, beginning in 1995 and ending at Hale's death on October 12, 2004. The Chapas alleged that Hale required care 24 hours a day and that Virginia had to forego seeking employment and other activities to care for her mother.

In support of their statutory custodial claim, the Chapas also attached a report from Dr. Gumaro Garza. Dr. Garza examined Hale in June 1995, while Hale was living in Texas. Dr. Garza diagnosed Hale with advanced Alzheimer's disease. Dr. Garza noted that Hale's daughter brought her in for an examination because Hale had been filthy, unkempt, and smelled of urine. Dr. Garza further noted that Hale was unable to use the bathroom and needed to be diapered. Hale was also unable to communicate. Dr. Garza determined that the best place for Hale would be in a nursing home due to her advanced Alzheimer's disease. Dr. Garza also determined that Hale's husband was unable to care for her, due to a recent stroke he had suffered.

Following a hearing, for which we have no record of proceedings, the circuit court

entered an order awarding the Chapas $100,000, less the $50,000 paid to the Chapas during Hale's life, "unless claimants can show that some or all of [the] $50,000 was for expenses incurred."

On appeal, the Chapas first contend that the circuit court erred in applying a five-year statute of limitations to their statutory custodial claim. The Chapas argue that the circuit court should have considered the entire nine and one-half years that they cared for Hale in determining the amount of their custodial claim.

The Cooks respond that the record does not indicate whether the award made by the circuit court was affected by the application of any statute of limitations and, therefore, this court should not review this issue. However, the Cooks' argument is contrary to the position they advanced in the circuit court. In the Cooks' response to the Chapas' motion to reconsider the order awarding their custodial claim, the Cooks argued that the circuit court correctly applied a five-year statute of limitation, pursuant to section 13-205 of the Code of Civil Procedure (Code) (735 ILCS 5/13-205 (West 2004)). The Cooks maintained that "[d]ue to the five (5) year statute of limitations, [the circuit court] correctly considered only the care provided to decedent during the last five (5) years of decedent's life in determining the amount to award claimants." The record also shows that at the hearing on the Chapas' motion to reconsider, the Cooks' attorney argued, "The Cooks believe the court correctly only looked at the five years preceding the death of the decedent in determining what award should be made to the Chapas. Since no statute was mentioned * * *, the five-year general statute of limitations would apply to the situation under [section 13-205 of the Code.]" The Cooks cannot now claim that the circuit court did not apply

the five-year statute of limitations to the Chapas' custodial claim.  See <u>Czarobski v. Lata</u>, 227 Ill. 2d 364, 376 (2008), citing <u>In re Stephen K.</u>, 373 Ill. App. 3d 7, 25 (2007) ("A party is estopped from taking a position on appeal that is inconsistent with a position the party took in the trial court").

Further, the statements by the circuit court indicate that the court only considered three years of the Chapas' care for Hale, based on the statute of limitations and the court's interpretation of section 18-1.1 of the Probate Act.  At the hearing on Chapas' motion to reconsider, the circuit court stated, in pertinent part:

"Now, frankly, the statute does not say one way or the other whether or not it's subject to the limitation of the five-year other claims in the statute - - under the statute of limitations.  If it was for nursing care, clearly it would be subject to the five-year statute, but I think regardless it isn't a claim for nursing care.  It's strictly a claim under the statutory custodial care as far as I'm concerned.

* * *

I think I should mention one thing that was addressed in I think a case cited by counsel as to the - - when these things accrue and as I'm looking at it - - I could sit here and tell you what it is.  It was a claim where somebody was a person who was or was not disabled who was taking care of that person[.] I didn't pay the claimant but said I'm investing your pay in whatever and it turned out he hadn't been investing, so clearly what that amounts to is the discovery portion of the statute of limitations.  There was no way that she could have known that until

after the guy died.

It's a little different from saying that you can't go back. Clearly you could go back three years and if I accept [$]30,000 times three years or [$]38,000 is roughly [$]100,000, so I don't have a problem with the [$]100,000."

Accordingly, we will consider the Chapas' argument that the circuit court erred by applying a five-year statute of limitations and failing to consider the entire 9 ½ years of care rendered to Hale.

The Chapas' statutory custodial claim arises out of section 18-1.1 of the Probate Act (755 ILCS 5/18-1.1 (West 2004)), which provides, in pertinent part:

"Any spouse, parent, brother, sister, or child of a disabled person who dedicates himself or herself to the care of the disabled person by living with and personally caring for the disabled person for *at least 3 years* shall be entitled to a claim against the estate *upon the death of the disabled person.* The claim shall take into consideration the claimant's lost employment opportunities, lost lifestyle opportunities, and emotional distress experienced as a result of personally caring for the disabled person. The claim *shall be in addition to any other claim,* including without limitation a reasonable claim for nursing and other care. The claim shall be based upon the nature and extent of the person's disability and, at a minimum but subject to the extent of the assets available, shall be in the amounts set forth below:

1. 100% disability, $100,000

1-07-2536

       2.  75% disability, $75,000

       3.  50% disability, $50,000

       4.  25% disability, $25,000."[1] (Emphasis added.)

Whether the circuit court erred in its interpretation of the statutory requirements of section 18-1.1 of the Probate Act presents a legal question, which we review *de novo*. In re Estate of Lower, 365 Ill. App. 3d 469, 477-78 (2006).

"The primary goal of statutory construction is to ascertain and give effect to the intent of the legislature, and the most reliable indication of the legislature's intent is the plain language of the statute." Pietro v. Marriott Senior Living Services, Inc., 348 Ill. App. 3d 541, 546 (2004). "When the statute's language is clear, it will be given effect without resort to other aids of statutory construction." Pietro, 348 Ill. App. 3d at 546. "A court must not depart from the plain language of a statute by reading into it exceptions, limitations, or conditions that the legislature did not express." Lower, 365 Ill. App. 3d at 478.

Here, there is no language in section 18-1.1 of the Probate Act limiting a claimant's recovery, under section 13-205 of the Code (735 ILCS 5/13-205 (West 2004)), to only five years prior to the date of the disabled person's death. Rather, the statute clearly sets forth the requirement that the claimant have cared for the disabled person for "*at least* 3 years." (Emphasis added.) 755 ILCS 5/18-1.1 (West 2004). The statute also provides that the claimant shall be

---

[1] Pursuant to Public Act 95-315 (Pub. Act 95-315, eff. January 1, 2008), section 18-1.1 was amended to increase the minimum statutory amounts to $180,000 for 100% disability; $135,000 for 75% disability; $90,000 for 50% disability; and $45,000 for 25% disability.

entitled to a claim "against the estate *upon the death* of the disabled person." (Emphasis added.)

Therefore, any applicable statute of limitations does not begin to run until the death of the

disabled person because the statute provides that a claimant's right to payment accrues after the

death of the disabled person. See Estate of Switzer v. Gertenbach, 122 Ill. App. 26, 30-31 (1905)

(the statute of limitations did not begin to run until the death of the promisor where the parties

understood that payment would be made after the promisor's death or from his estate); Estate of

Franke, 124 Ill. App. 2d 24, 33 (1970) (five-year statute of limitations did not commence to run

on a claim for housekeeping services until the death of the employer where the employer had told

claimant that in lieu of payment he was investing claimant's wages for her, and claimant had no

way of knowing until the death of the employer that this was not true); *cf.* In re Estate of Teall,

329 Ill. App. 3d 83, 90 (2002) (circuit court had no evidence on which to base a finding that a

neighbor's cause of action for personal services to an elderly woman, over an 11-year period,

accrued at the woman's death, and, therefore, the five-year statute of limitations applied).

The Cooks, nonetheless, attempt to distinguish these cases by arguing that the claims in

those cases were based upon a contract or quasi-contract. However, the relevant issue in those

cases, as in the present case, is when the claim accrued. Here, the statute specifically provides

that the Chapas' claim accrued at Hale's death. 755 ILCS 5/18-1.1 (West 2004). Therefore, any

relevant statute of limitations did not begin to run until Hale's death.

In addition, the circuit court's statement that it "could go back three years," indicates that

the circuit court improperly limited its consideration to three years of care received by Hale. In

In re Estate of Jolliff, 199 Ill. 2d 510, 525 (2002), our supreme court upheld the constitutionality

of section 18-1.1 of the Probate Act.  The court determined that the statutory requirements and minimum claim amounts were not unreasonably vague as to violate due process.  In Jolliff, the claimant dedicated more than 12 years of her life to caring for her brother, which included bathing him, grooming him, moving him, washing his clothing, and preparing his meals.  The claimant sought $200,000, which the court noted was less than $16,000 for each year that the claimant lived with and personally cared for her brother.  The court, quoting from Senator Poshard, one of the sponsors of section 18-1.1, explained that it would be " 'simply not fair or right' " that the brother's other heirs never provided one day of care could recover more from the brother's estate than the claimant, who voluntarily dedicated more than 12 years of her life to her brother.  In re Estate of Jolliff, 199 Ill. 2d at 525, quoting 85th Ill. Gen. Assem. Senate Proceedings, December 1, 1998, at 54.  The court held:  "Given what section 18-1.1 claims require - at least three years of dedicated residential and personal care - and what they compensate - the lost opportunities and emotional hardships that necessarily accompany such dedication - we cannot conclude that the minimum amounts are unconstitutional.  As this case demonstrates, the statutory amounts are a reasonable lower limit for such a commitment and, like the statutory classification, serve the legislative goal of encouraging immediate family members to commit themselves to disabled relatives."  In re Estate of Jolliff, 199 Ill. 2d at 525-26.

Therefore, our supreme court has made clear that section 18-1.1 merely requires a minimum of three years of residential and personal care, but does not limit such care to three years.  In addition, the statutory amounts (*i.e.* $100,000 for 100% disability) are a lower limit for such care.  Thus, a custodial claim could exceed both three years and the minimum statutory

amounts, as was the case in <u>In re Estate of Jolliff</u>, where the claimant sought $200,000 for more than 12 years of care provided to her brother. Accordingly, the circuit court should have considered the entire 9 ½ years that the Chapas cared for Hale, rather than just 3 years, in determining the amount of the Chapas' custodial claim.

The Chapas also contend that the circuit court erred by setting off their custodial award of $100,000 by the amount of $50,000, which was paid to Virginia as guardian of Hale's estate. We agree. Section 18-1.1 specifically provides that "[t]he claim shall be in addition to any other claim, including without limitation a reasonable claim for nursing and other care." 755 ILCS 5/18-1.1 (West 2004). Our supreme court has held that a section 18-1.1 claim would supplement any guardianship fees that the claimant received for the disabled person's maintenance. See <u>In re Estate of Jolliff</u>, 199 Ill. 2d at 526.

The Chapas, lastly, contend that the circuit court erred by awarding them only the minimum statutory amount of $100,000. We need not consider this issue because we reverse the circuit court's award.

For the above reasons, we reverse the judgment of the circuit court and remand for further proceedings consistent with this opinion.

Reversed and remanded.

GREIMAN and CUNNINGHAM, JJ., concur.